[No. 6,178.]

## WALKER v. FELT ET AL.

PRACTICE—TRANSFER OF INTEREST—ATTORNEY.—Where the plaintiff transfers his interest in the subject-matter of the action, it is the right of his successor in interest (under § 385 of the Code of Civil Procedure) to prosecute the case, either in the name of the original plaintiff, or by having himself substituted in the action by an order of the Court; and the original plaintiff is divested of all power to control the action. *Held*, accordingly—where the plaintiff had transferred his interest to others, whose attorneys thenceforth took charge of the case, but without any change of the title of the action, or of the attorney of record—that a stipulation signed by the original plaintiff and his attorney, for the dismissal of the action, was a flagrant breach of good faith, and that an order of dismissal entered upon such stipulation should have been promptly vacated on discovering the fraud.

APPEAL from an order dismissing the action, and from an order refusing to vacate the order of dismissal, in the Third District Court, City and County of San Francisco, (McKEE, J.) and from an order refusing to vacate the order of dismissal, and a judgment for defendants, in the Twenty-third District Court, City and County of San Francisco. THORNTON, J.

The facts are stated in the opinion.

*McAllisters & Bergin*, for Appellants.

Compton (the attorney of record) had no authority to betray the interest of his client, or the successor in interest of his client. (*Holmes* v. *Rogers*, 13 Cal. 201.) While he might not have been bound to act for that successor in interest, he had no authority to betray him. (*Mastick* v. *Thorp*, 29 Cal. 448; *Dutton* v. *Warschauer*, 21 Id. 26; *Welch* v. *Mandeville*, 1 Wheat. 236; *McCullum* v. *Cox*, 1 Dall. 139.)

*D. W. Douthitt*, for Respondents.

Department No. 2, SHARPSTEIN, J.:

In 1871, the plaintiff and his attorney united in a conveyance of all the property involved in this action, as appears from deeds recorded at that time. Since that time their successors in interest, through their attorneys, have taken charge of the

plaintiff's side of the case, without a change of the title of the cause or of the attorney of record. It was known, however, by the defendants' attorneys for some years prior to 1877, as appears from the affidavit of one of them, that other attorneys than the attorney of record were representing other parties than the plaintiff of record in the prosecution of the action. In 1877, the plaintiff of record and his attorney signed a stipulation, which was also signed by an attorney of some of the defendants, dismissing the action without costs to either party, and upon that stipulation being presented to the Court by the attorneys of some of the defendants, an order dismissing the action was entered. As soon as the successors in interest of the plaintiff and their attorneys were informed of that order, they moved to vacate and set it aside. The motion was denied, and from the order denying that motion this appeal is taken. The plaintiff has never been a resident of this State, and his attorney left this State ten or twelve years before signing the stipulation above referred to, and has not since returned.

Had the plaintiff in the action the right to dismiss it, after having transferred his interest in the subject-matter of the action to other parties? Section 385 of the Code of Civil Procedure provides, that in case of any transfer of interest, the action may be continued in the name of the original party, or the Court may allow the person to whom the transfer is made to be substituted in the action. Under that section, it was the right of the successors in interest in this case to prosecute this action in one of these forms. The party who had transferred his interest divested himself of any power to control the action. He could not dismiss it, because his successors had a right to have it continued. The validity of the order of dismissal in this case rests solely upon the consent of the original plaintiff, given ten years after he had transferred his interest in the action. As he had no right to interfere with the action, the Court, on being advised of that, should have vacated the order based upon it.

The attorney who signed the stipulation, as the attorney for the plaintiff, did not assume to act as the attorney of his successors in interest. In his affidavit, he says that he himself was the real plaintiff in interest at the time of the commencement of

the action, and until he united with the nominal plaintiff in conveying the property involved in the action as before stated, and that he signed the stipulation because he and the nominal plaintiff had parted with all interest in the land, and did not wish to prosecute the action any further, and did not desire to become liable for costs.

We cannot discover that this gave him any right to stipulate away the rights of his successors in interest. The attempt to do so should be defeated, if the Court possesses the requisite power to defeat it. The act involves a flagrant breach of good faith, and that is a thing which justice abhors. Nor is the act of signing that stipulation palliated in the least by the shameless confession of the attorney who signed it, that he had no title to the land which he sued for, and subsequently conveyed. The Court which made the order dismissing the action must have been imposed upon, and after discovering the fraud and imposition, the order should have been promptly vacated.

Order denying the motion to vacate and set aside the order dismissing the action, reversed, with directions to the Superior Court of the City and County of San Francisco, to vacate and set aside said order dismissing said action, and the judgment entered upon said order of dismissal.

THORNTON, P. J., and MYRICK, J., concurred.