[S. F. No. 3053.   Department Two.—December 31, 1904.]

## CHARLES H. SMITH, Appellant, v. JOSEPHINE SMITH, Respondent.

DIVORCE—CONDUCT OF TRIAL BY DEFENDANT IN PERSON—ILLNESS—RE-FUSAL OF CONTINUANCE—ORDER GRANTING NEW TRIAL—UNAVOIDABLE ACCIDENT.—In an action for divorce by the husband, where the wife in person conducted the trial, and upon a day to which it was adjourned was too ill to attend, and requested the court by letter to continue the case on that ground, which was refused upon objection of the plaintiff for want of a legal showing, an order granting a new trial upon the sole ground that it was shown by affidavits that illness prevented her attendance, without specifying whether

it was granted for abuse of discretion on the part of the court or on the ground of unavoidable accident preventing her attendance at the further hearing of the case upon adjournment, the order will be sustained upon the latter ground.

Id.—Policy of Law—Reasonable Diligence of Defendant.—In divorce cases the policy of the law is to afford a full hearing on both sides, and to relieve the parties from a situation which prevented it; and the fact that the defendant was not an attorney, and hence unfamiliar with the rules of practice, may be taken into consideration with the other circumstances in the case in determining whether reasonable diligence was employed by her in presenting to the court in the manner she did the fact of her inability to attend the trial on the day to which it was adjourned. The facts disclosed show sufficient diligence, at least in an action of divorce, to obviate objection for want of it.

Id.—Receipt of Money under Decree of Maintenance—Defendant not Estopped.—The receipt of money under a decree obtained by the wife in an action for maintenance, which was continued in force by the decree of divorce for the period of six months, cannot estop the defendant from assailing the decree of divorce on motion for new trial.

Id.—Notice of Intention—Signature by Attorney not Substituted—Waiver of Objection.—The fact that the notice of intention to move for a new trial was not signed by a former attorney of record for the defendant who failed to conduct the trial, and was signed by an attorney not regularly substituted, is immaterial where objection on that ground was waived by the plaintiff by recognizing and treating such attorney as representing the defendant on the motion for new trial, and serving papers upon him as such.

APPEAL from an order of the Superior Court of the City and County of San Francisco granting a new trial. Frank J. Murasky, Judge.

The facts are stated in the opinion of the court.

Foshay Walker, and Peter F. Dunne, for Appellant.

Aylett R. Cotton, for Respondent.

LORIGAN, J.—This is an appeal by plaintiff from an order granting the defendant a new trial.

The action was for divorce, the pleadings being verified. The complaint charged extreme cruelty, and all its allegations were specifically denied by defendant in her answer.

When the case was called for trial in the lower court the defendant appeared *in propria persona,* and during several days, while the trial was in actual progress, and up to an adjournment on December 20, 1900, actually conducted the proceedings in her own behalf. At the close of the daily session of the court on December 20th, the evidence thus far being introduced on behalf of plaintiff, the case was continued, the further hearing to be resumed at ten o'clock December 24th. When the court resumed its session on this later date the judge announced that he was in·receipt of a letter from the defendant, stating that she was sick and unable to be present, and that she wished him to continue the trial till some time in 1901. No one was then present appearing or representing the defendant. The attorney for the plaintiff refused to consent to any further postponement, and objected that there was no sufficient showing to authorize it, and the trial was thereupon proceeded with, resulting, on the same day, in findings and a decree in favor of plaintiff being made and signed by the trial judge.

In due course the respondent moved for a new trial on various grounds, but particularly on account of alleged abuse of discretion on the part of the court in refusing to continue the further hearing of the cause, and in proceeding with the trial during her absence, while she was sick and unable to attend, and further on account of accident which ordinary prudence could not have guarded against, and which precluded her presence in court upon the day to which the adjournment had been had.

Without particularly discussing the evidence presented upon the motion under the affidavits, it unquestionably appears therefrom that after the adjournment of December 20th respondent became sick and was confined to her bed on the twenty-first, twenty-second, and twenty-third days of December; that on the morning of December 24th, though still ill, she attempted to prepare for her attendance at court, and while doing so she became dizzy and found herself so weak as to be hardly able to stand; that, realizing she would be unable to reach court, she sent by messenger a letter to the superior judge presiding at the trial, informing him that she was too ill to attend, and asked him to kindly continue the case.

Upon this showing the court granted her motion for a new trial, and stated in its order that the motion was granted "upon the sole ground that it appears that defendant was sick as alleged in her affidavit and in that of Ellen Sexton."

While this order is apparently specific enough, as far as it goes, it affords no information as to which particular ground of the motion the new trial was awarded on; whether for abuse of discretion on the part of the court, or because respondent was prevented by unavoidable accident from being present at the resumption of the trial.

This, however, we do not deem of particular moment because, while a vigorous attack is made upon the order, if treated as one granting a new trial for abuse of discretion on the part of the court, on the ground of insufficiency of the evidence to sustain it, and further, because the point could only be availed of upon a bill of exceptions or a statement of the case, and not by affidavits, yet we think the order can and should be sustained, as being based upon a sufficient showing of providential accident preventing the attendance of respondent at the further hearing of the case upon adjournment, and for which the code provides a new trial may be granted.

And while the sufficiency of the showing made by respondent in support of her motion on this ground is also questioned, we think it was sufficient to sustain the order of the court.

Under her motion, on this ground, the essential fact to be established was the unavoidable accidental interposition of sickness which prevented her attendance. This was, however, established to the satisfaction of the lower court by the affidavit of respondent and that of her landlady, the only evidence on the point presented at the hearing. Her illness was an unfortunate occurrence, the happening of which she could not prevent, and through the existence of which her rights should not be prejudiced, and it is from a judgment obtained against one under such circumstances that the code contemplates that relief shall be afforded by granting a new trial. It is insisted, however, that the respondent was wanting in reasonable diligence in calling the attention of the court to the fact of her illness, and her inability to attend at the

adjourned hour of trial, both in the method and the manner she adopted; that she should have presented an affidavit, or at least a certificate of a physician, or should have employed an attorney to prepare the necessary moving papers, represent her in court, and ask for a continuance. Undoubtedly, this would have been the better course to have pursued, and in ordinary actions where the conduct of proceedings are under the control of attorneys familiar with the rules of procedure and the method of preserving rights, would be requisite, but cases may occur where the circumstances show that but little opportunity was afforded a party litigant to adopt this method which involves some preparation and the lapse of time. Of course, it is no strong excuse that the respondent is not a lawyer, and, hence, was unfamiliar with methods of procedure, because that fact would not ordinarily relieve her from mistakes concerning rules of practice. But the cases are so exceptional in which a person acts as her own attorney that, at least in divorce cases, where the policy of the law is to afford a full hearing on both sides and to relieve the parties from a situation which prevented it, when it would not do so if property rights alone were involved, we think the fact that the defendant was not an attorney, and, hence, unfamiliar with rules of practice, may be taken into consideration in determining, with the other circumstances in the case, whether reasonable diligence was employed by her in presenting to the court, in the manner she did, the fact of her inability to attend the trial upon the day to which it was adjourned. When you add to this the other facts that, in truth, the respondent was too ill to attend on that day; that she had no attorney; that she had endeavored in the morning to prepare herself to attend court, and only failed to do so because she was too feeble; taking also into consideration the natural distress of mind under which she must necessarily have labored, proceeding from her anxiety to attend court and her inability to do so; the short time that probably intervened between her discovery that she would not be able to attend and the hour when the session of court commenced within which to send for and consult with a lawyer, or to have a notary attend in preparation of an affidavit, or to call a physician (she had none in attendance) and obtain his certificate, and that, under these circumstances, and in this

situation, she sent the letter to the court, explaining her condition, and asking a postponement of her trial, we think these facts disclose sufficient diligence, at least in an action for divorce, to obviate the objection urged.

In discussing this matter we have limited our consideration to the rule as applied to actions for divorce. It is a matter of public policy that divorces should only be granted where the fullest opportunity has been afforded both sides to be heard, and then only when adequate cause for divorce is shown. Whether such adequate cause exists can only be disclosed after both sides have had an opportunity to present all their evidence. The public has an interest in having no divorce granted excepting for good cause, and it is this consideration of public interest which has largely entered into the formulation by the courts of a more liberal rule to be applied in relieving from default in divorce cases than applies in other cases where property rights alone are involved. And while this rule has been applied more particularly in divorce cases, where the application to set aside a judgment by default was under consideration, the principle of public interest is as directly applicable to cases where, during the actual trial, the party has been precluded by unavoidable accident from presenting her case on the merits, and a motion for a new trial is made in order that she may do so, as in cases where relief from a default judgment is asked when the party had failed to appear at all. In the one case, as in the other, the opportunity has not been given to hear both sides of the case, or to permit the court to determine whether adequate cause for a divorce exists, and the same general condition prevailing, the same liberal rule should apply.

In *McBlain* v. *McBlain,* 77 Cal. 509, this court said: ''The parties to the action are not the only people interested in the result thereof. The public has an interest in the result of every suit for a divorce; the policy and the letter of the law concur in guarding against collusion or fraud; and it should be the aim of the court to afford the fullest possible hearing in such matter.''

Subsequently, in *Wardsworth* v. *Wardsworth,* 81 Cal. 183,[1] where this court conceded that such negligence upon the part of the defendant appeared as in ordinary actions would entitle

[1] 15 Am. St. Rep. 38.

her to no relief, said: "So far as the divorce awarded to the defendant is concerned, the motion should have been granted under the rule laid down in *McBlain* v. *McBlain,* 77 Cal. 509. In that case the court, *per* Paterson, J., said: 'The parties to the action are not the only people interested in the result thereof. The public has an interest in the result of every suit for a divorce; the policy and the letter of the law concur in guarding against collusion and fraud; and it should be the aim of the court to afford the fullest possible hearing in such matters.' In the present case there seems to have been an honest desire on the part of the plaintiff to present her side of the case; and while in an ordinary action the negligence shown might be sufficient to deprive her of a right to relief, yet, in this kind of a case, a more liberal rule should prevail. And we think that the same reasons require the application of a liberal rule to proceedings for the annulment of marriage, and, therefore, that the judgment should have been set aside as to the whole case."

It is true that in both these cases the matter under consideration was relative to setting aside, upon application, judgments by default, but, as we have said, the same principle of public policy which requires that a full hearing in divorce cases should be had, and that a liberal rule to promote that end, as far at least as the showing is concerned, should obtain, applies in all cases where the application or motion is made within the statutory time upon the statutory grounds.

And while in the cases we have cited the court speaks about the policy of the law being to guard against collusion and fraud, its policy is not limited solely to that end. It is as much public policy that divorces should not be granted, unless for adequate cause, as it is that they should not be obtained by collusion and fraud, because in either event they should not be granted at all, and this politic end can be best promoted and attained in the one, as in the other, by the fullest possible hearing.

In concluding this branch of the case it may be said, as was generally declared in the Wardsworth case, that there seems to have been an honest desire on the part of the defendant to be present at the trial and present her side of the case, and that, if we assume that in an ordinary action the showing she made might be deemed insufficient to war-

rant granting her a new trial, yet, in this class of cases, a more liberal rule should prevail, and the order granting her a new trial, as far at least as the objections now under consideration are concerned, should be sustained.

It is further insisted that the order granting the motion for a new trial should be reversed, it being contended that the record shows that respondent received money awarded her by the decree (six hundred dollars), and hence, upon the principle that having taken the benefit of the decree she must bear its burden, she was not entitled to assail the decree on motion for a new trial.

But this money was not received under the decree of divorce, but under a decree of maintenance awarded defendant in 1893. In the decree of divorce the court provided that the plaintiff continue to pay the amount provided for in the maintenance decree up to June 15, 1901, when further payment was to cease. This was the money paid defendant, but it was not under the decree of divorce, but under the decree of maintenance, which, by the terms of the decree of divorce, was not to be effective until June 15, 1901.

The further point is made that the notice of intention to move for a new trial is fatally defective because not signed by the attorney who originally appeared of record for the defendant. While it is true that said notice was signed by a different attorney, still it is apparent that any objection upon that ground was waived by appellant in recognizing and treating the said attorney as representing the defendant on the motion for a new trial, by receiving and admitting service of papers from him in her behalf, without making or reserving any objection on that account at the time, and by serving papers in the appellant's behalf, upon such attorney. Upon this subject it is said in Hayne on New Trial and Appeal (page 59, at close of section 13): "But where the notice is not properly signed, the successful party must reserve his objection on that account at the time it is served upon him, and not treat the notice as sufficient. If he recognizes the attorney giving the notice as the one having authority to give it, he will not afterwards be permitted to question his authority. This is the rule with respect to notices of appeal, and it undoubtedly applies to notices of intention."

These are the only matters upon this appeal requiring attention, and the order appealed from granting a new trial is affirmed.

McFarland, J., and Henshaw, J., concurred.

Hearing in Bank denied.