[Civ. No. 1155.    Second Appellate District.—May 27, 1912.]

HARLAN DOUGLAS COMPANY, a Corporation, Petitioner, v. J. O. MONCUR, Judge of the Superior Court of the State of California, Sitting in Extra Session No. 3, in and for the County of Los Angeles, Respondent.

SALE OF CAPITAL STOCK OF CORPORATION—RESERVATION OF CONTROL OF PENDING SUIT BY VENDOR—MANDAMUS BY CORPORATION TO COMPEL SUBSTITUTION OF ATTORNEYS NOT ALLOWABLE.—Where the owner of all the stock of a corporation, who has been prosecuting a suit in its name, contracted to sell all of its capital stock to a third party, expressly reserving the right to prosecute and control the pending action for the vendor's benefit, at his sole cost, and agreeing to relieve the vendee of all cost in relation thereto, the right to continue the control of such action passed by such reservation to the vendor, and the vendee is not entitled in the name of the corporation to a *mandamus* to compel the substitution of attorneys to control the action as against the vendor.

ID.—VESTED RIGHT UNDER CODE TO CONTROL ACTION—ABSENCE OF FURTHER INTEREST OR RIGHT OF ADVERSE CONTROL.—One who by contract acquires a vested right to control a pending action is entitled, under section 385 of the Code of Civil Procedure, either to continue the action in the name of the original party, or the court may allow the person in whom the right is vested to be substituted in the action or proceeding. It appearing that under the contract in question the right was vested to continue the control of the action as against the corporation, or the owners of its stock, the corporation, as such, had no further interest in the litigation and no right to interfere with its control.

APPLICATION for writ of mandate.

The facts are stated in the opinion of the court.

Schweitzer & Hutton, for Petitioner.

. E. A. Meserve, and Hanson, Hackley & Heath, for Respondent.

JAMES, J.—Proceeding in *mandamus* to compel defendant, as judge of the superior court, to make an order of substitution of attorneys in an action entitled Harlan Douglas Company, a corporation, v. The Dean Drug Company, a corpora-

19 Cal. App.—12

tion, now pending in the superior court of the county of Los Angeles. An alternative writ was issued herein, and a hearing has been had after return made thereto. It appears that on or about the twelfth day of January, 1912, a motion was made before the defendant, sitting as judge of the superior court, by Schweitzer & Hutton, Esqs., representing the Harlan Douglas Company, by which motion an order was requested that the attorneys mentioned be substituted as attorneys for plaintiff in the action referred to. The motion was resisted by the counsel who appeared as attorneys of record for the plaintiff in that action, and evidence by affidavits was received which established the following state of facts: On or about the sixteenth day of June, 1911, John Harlan, who then owned or controlled all of the capital stock of the Harlan Douglas Company, made a contract in writing with one C. P. V. Watson whereby the said Harlan agreed to sell to Watson all of the capital stock of the Harlan Douglas Company. By that contract it was agreed that there should be reserved to Harlan, among other things, the right to prosecute, at his own cost and charge and for his own benefit, to final judgment any suit at law to which the said company was then a party, and that Watson should be relieved by Harlan from any liability for the payment of charges or costs by reason of such litigation; that this contract so made by Harlan was made with the knowledge of the stockholders of the Harlan Douglas Company; that Watson, having so acquired all of the stock of said corporation, became president thereof, and that later he distributed some of the shares of stock to other persons. The evidence heard was further sufficient to show that Harlan had acted in good faith and had proceeded to discharge the obligations assumed by him under his contract with Watson, and that he claimed the right to and was proceeding with the prosecution of the action first mentioned when it was sought to have a substitution of attorneys made in that suit. In this proceeding it is for us only to determine whether, upon the facts as shown to the judge of the superior court, the petitioner was entitled to have an order of substitution of attorneys made as demanded by its motion. In our opinion it was clearly not so entitled. By section 385 of the Code of Civil Procedure it is provided as follows:

"An action or proceeding does not abate by the death, or any disability of a party, or by the transfer of any interest therein, if the cause of action survive or continue. In case of the death or any disability of a party, the court, on motion, may allow the action or proceeding to be continued by or against his representative or successor in interest. In case of any other transfer of interest, the action or proceeding may be continued in the name of the original party, or the court may allow the person to whom the transfer is made to be substituted in the action or proceeding."

Under the terms of the contract made between Harlan and Watson, the interest of the Harlan Douglas Company in the cause of action set up in the suit of that corporation against the Dean Drug Company passed to Harlan. Therefore, the petitioner having no further interest in the matter in litigation had no right to interfere with the control of the suit by Harlan. The provisions of the code which we have quoted gave to Harlan, at his option, the right to either continue the prosecution of that action in his own name or in the name of the corporation.

Peremptory writ denied.

Allen, P. J., and Shaw, J., concurred.