[Civ. No. 118. Fourth Appellate District.—July 31, 1930.]

B. F. CULLEY, Respondent, v. LESLIE L. COCHRAN et al., Appellants.

J. Edgar Ross, *in pro. per.,* and Leslie L. Cochran, for Appellants.

Hickcox & Trude for Respondent.

BARNARD, J.—The defendant Cochran in his official capacity as constable sold certain hay under an attachment, and the plaintiff brought this action against him, claiming to be the owner of said hay and seeking damages for its wrongful conversion. Cochran filed an answer, denying all of the allegations of the complaint. Thereafter he served and filed the following notice:

"Notice of Action Brought and Permission to Defend Therein.

"To J. Edgar Ross, of Brawley, California.

"You will please take notice that I have been served with a summons and copy of the complaint in the above-entitled action; which said summons and complaint I have heretofore transmitted to you. This action is based on my attachment and subsequent sale under execution of approximately twenty-one tons of baled alfalfa hay which you claimed was the property of Dan Orr and Willie Orr, and for the doing of which you gave me an undertaking

in indemnity. I hereby permit you to conduct the defense of the above-entitled action.

"LESTER COCHRAN."

Thereafter, the court made the following order:

"Order Permitting Intervention.

"Good cause appearing, it is hereby ordered that J. Edgar Ross be permitted to intervene in the above-entitled action by joining the defendant in resisting the claims of the plaintiff.

"Done this 5th day of October, 1928.

"V. N. THOMPSON,
"Judge of above entitled court."

Thereafter, the said Edgar Ross filed the following:

"Complaint in Intervention.

"Comes now the above-named defendant in intervention for the purpose of joining the defendant in resisting the claims of the plaintiff, and alleges:

"That he is the real party at interest in the above-entitled action for the reason that the acts complained of were done at his command and in compliance with written instructions to the defendant constable who only performed the duty of his office therein, and for the further reason that he gave to the said defendant constable an undertaking in writing by the terms of which he will become obligated to pay any judgment that might be recovered by the plaintiff herein in event that he should recover judgment in this action.

"Wherefore, defendant in intervention prays that plaintiff take nothing by reason of this action and that defendant and defendant in intervention recover their costs.

"J. EDGAR ROSS,
"Defendant in Intervention."

When the action came on for trial, neither the defendant Cochran nor Ross was represented by counsel. At the outset of the trial Ross asked to see an instrument being offered in evidence by plaintiff's attorney, and objected to a question asked by this attorney. Whereupon, plaintiff's counsel stated: "At this time I make the objection that Mr. Ross has no right to appear in this action except as to any issues raised by his complaint in intervention." The court

sustained this objection. Thereupon, Ross asked the court to clearly define his rights in the action. After some argument in reference to his rights, the following occurred:

"The Court: Then it would not be proper for you to act as the attorney and make objections and conduct or attempt to conduct the defense for the defendant himself. The allegations of the complaint are not sufficient to permit you to go to the extent of proving, or attempting to prove, anything other than you have set out in your pleadings, than what is set out in the complaint in intervention.

"Mr. Ross: Then, as I understand the ruling of the Court, in so far as the complaint in intervention goes, that being admitted, I have no right to join the defendant in the conduct of this case.

"The Court: Yes, sir.

"Mr. Ross: Very well, Your Honor, I take an exception to the ruling if the Court please."

Ross having been thus excluded from participation in the defense, the trial proceeded with Cochran attempting to conduct the defense. The court found for the plaintiff on the issues raised by the complaint and answer, and then found as follows: "That said defendant, Leslie L. Cochran, as said constable, took said property pursuant to the instructions received from said intervener, J. Edgar Ross, and to indemnify said defendant in that respect, the said intervener, J. Edgar Ross, executed and delivered to said defendant an undertaking in writing by the terms of which he obligated himself to pay any judgment that might be recovered by the plaintiff in this action; that seasonable notice of the institution of this action was given said intervener, J. Edgar Ross, by said defendant, Leslie L. Cochran, and permission was given said J. Edgar Ross by said Leslie L. Cochran to conduct his defense thereof." Judgment went for the plaintiff and upon motion of Cochran the same judgment was also rendered against Ross. From this judgment both have appealed.

The main ground of the appeal is the claim that the court was in error in refusing to permit Ross to conduct the defense. Appellants argue that Ross was by this ruling denied his day in court, and that Cochran, being lulled into a false sense of security through the expectation that Ross

would conduct the defense, was brought to the trial unprepared to meet the issues. The respondent insists the ruling of the court was correct, citing authorities to the effect that pleadings in intervention must be complete within themselves, and since the so-called "Complaint in Intervention" did not deny any of the allegations of the complaint, or state any new matter constituting a defense, appellant Ross was properly denied permission to have anything to do with the real issues of the case. If the rights of appellant Ross depended only upon the so-called complaint in intervention, the ruling of the court was correct, but we do not think his rights were so limited. Ross had received notice that the defendant officer would permit him to conduct the defense of the action, as provided for by section 1055 of the Code of Civil Procedure. Under the terms of that section of the code, he would be bound by the result of this trial without a further hearing, and he was in good faith attempting to protect his rights, and to make such defense as was available to him. While the precise point before us has not heretofore been passed upon in California, there are a few authorities which seem to throw some light upon the principles involved. ■ Section 385 of the Code of Civil Procedure provides that in case of any transfer of the interest of a party to an action other than caused by the death or disability of the party, the action may either be continued in the name of the original party, or the court may permit the transferee to be substituted in the action. In interpreting the rights of a party following the transfer of interest covered by that section, it has been held that the transferee has the right to control the future, conduct of the case. (*Harlan-Douglas Co.* v. *Moncur*, 19 Cal. App. 177 [124 Pac. 1053].) It has also been held that in such a case the transferee has the right to continue the action in the name of the original party or to substitute himself as a party. (*Harlan-Douglas Co.* v. *Moncur, supra; Walker* v. *Felt*, 54 Cal. 386.) ■ While, technically, this may not be such a transfer of interest as was contemplated in that section of the code, in practical effect it is a transfer of interest from one party to another, the transferee being compelled to accept the responsibility by the provisions of section 1055 of the same code. The reasons behind the rules

applying in case of an ordinary transfer of interest would seem even more cogent as justifying a similar procedure in such a case as this where the one affected becomes the real party in interest by operation of law, and regardless of his wishes. While this burden is thus put on the indemnifier who has been so notified, the exact procedure under which he must conduct the defense of the action is not set out. The natural implication from the section itself is that the party notified is to be permitted to conduct the defense of the action in the name of the original defendant. There is no provision anywhere that he must be made a party to the action, by substitution or intervention, before he may make such defense. In fact, it has been held that the provision of the old Civil Practice Act, which corresponds to section 1055 of the Code of Civil Procedure, "is founded upon the principle that, under such circumstances, the action is in substance against the indemnifier—the real party in interest—and that he has in that action an opportunity to make any defense that may exist." (*Dutil* v. *Pacheco*, 21 Cal. 438 [82 Am. Dec. 749].) In the case just cited, the indemnifier defended the previous action as a party in interest in the name of the defendant of record, although the court suggests that he might also have intervened.

Assuming that Ross could have intervened in this action, the fact remains that he did not do so. While he filed what is denominated a "Complaint in Intervention," it is apparent that it is nothing of the kind. In *Drinkhouse* v. *Van Ness*, 202 Cal., at pages 371, 372 [260 Pac. 869, 874], the court says: "Although the pleading filed by the intervener was, as is usual, denominated a 'complaint in intervention,' it was, in effect, but an answer to the complaint of the plaintiffs. It in no sense constituted the plaintiffs defendants or cross-defendants." The so-called complaint in intervention here neither constituted the plaintiffs defendants or cross-defendants, nor denied the allegations of the complaint, nor raised any issue of any kind as to the plaintiff. The only allegation therein is the statement that Ross is the real party in interest, because all of the acts complained of were done at his request, and because he had given the constable an undertaking in writing to in-

demnify him. The instrument is in no sense a complaint in intervention and should not have been so regarded by the court. ■ If the rights of Ross depended upon his having properly intervened in the action, then the ruling of the court was correct. But we think Ross had a right either to intervene, to substitute himself as a party, or to proceed with the action in the name of the original defendant. Not having intervened or been substituted, he still had the other right. The record conclusively shows that this was his intent; that he had given ample notice thereof; and that he was actually in court demanding the right to conduct the defense of the case in the name of the original defendant. If Ross had been represented by a lawyer, the situation would then have apparently been exactly the same as the situation referred to in *Dutil* v. *Pacheco, supra,* where the court says the indemnifier defended ''as a party in interest in the name of the defendant in the record.'' The fact that he was not represented by counsel makes no difference, as he had a right to appear for himself, and being the real party in interest and liable on any judgment that should follow, he was acting for himself in defending the action in the name of the nominal defendant. In effect, the trial court held that although Ross, having received the notice provided for in section 1055, was the real party in interest and would be bound by the judgment, he could not defend the action unless he intervened nor unless he was substituted as a party. We think this is not the law.

■ Nor can we hold that the denial of the right of appellant Ross to conduct the defense in the name of the original defendant was not prejudicial. That right is a substantial one and its exercise might have a very great effect not only upon the evidence produced, but upon the manner in which it was produced, its weight, and also upon innumerable other questions that arise in the trial of any case.

For the reasons given the judgment is reversed.

Cary, P. J., and Marks, J., concurred.