[Civ. No. 13379.   First Dist., Div. One.   June 18, 1947.]

FRANK DAVIS, Appellant, v. VIOLET RUDOLPH et al., Respondents.

398

Hauerken, Ames & St. Clair and Joseph A. Brown for Appellant.

Walter H. Duane for Respondents.

BRAY, J.—This appeal arises out of a rather unusual situation. The facts are not disputed. In 1939, a judgment was recovered in the sum of $2,721.25 in favor of plaintiff Frank Davis and against Violet Rudolph and John Bell. Joseph A. Brown was plaintiff's attorney of record in that litigation. The judgment being unpaid, Attorney Brown on July 18, 1944, filed suit on behalf of plaintiff to renew that judgment. On March 1, 1946, plaintiff Davis signed an assignment to

"B. H. Freeman and or Freeman Adjustment Bureau" (hereinafter referred to merely as "Freeman") of his interest in the "cause now pending." This assignment was for collection, and was filed in the action on March 7, 1946. The same day Freeman signed and filed in this action an appointment of John Langer "as my attorney in the above entitled matter." Attorney Langer, the same day, filed an affidavit for writ of attachment in the usual form, stating that he was the attorney for the assignee of plaintiff. On April 3, an answer was filed on behalf of Violet Rudolph, now known as Violet Caraway. The writ was issued and later returned unsatisfied. On April 9, a "Memorandum to Set Cause for Trial" on behalf of "B. H. Freeman, doing business as Freeman Adjustment Bureau Assignee of Plaintiff," signed by John Langer as attorney for plaintiff's assignee, was filed, bearing endorsement of receipt of copy by Attorney Duane as attorney for defendant Rudolph. On May 20, "Notice of Time and Place of Trial" also bearing receipt of notice by Attorney Duane and signed by Langer as attorney for plaintiff was filed. On June 27, Attorney Duane and Attorney Langer appeared in open court and stipulated that judgment be entered in favor of plaintiff and against the defendant Violet Rudolph, now known as Violet Caraway. The following minute order was entered: "Pursuant to stipulation entered into by and between respective counsel, it is ordered by the Court that judgment be entered herein in favor of plaintiff as prayed. Findings waived." The same day a judgment was entered, the title being "Frank Davis, Plaintiff" versus the original defendants. This judgment recited: "The above entitled cause coming on regularly to be heard . . . and John Langer, Esq., appearing as attorney for B. H. Freeman, doing business as Freeman Adjustment Bureau, assignee, of plaintiff Frank Davis, and Walter Duane, Esq., appearing as attorney for defendant, Violet Rudolph, sometimes called Violet Caraway, and defendant stipulating in open court to judgment as prayed against Violet Rudolph, sometimes called Violet Caraway . . . It Is Ordered, Adjudged and Decreed: . . . 2. That B. H. Freeman, doing business as Freeman Adjustment Bureau have judgment against defendant Violet Rudolph, sometimes Violet Caraway, in the amount of Two Thousand Seven Hundred Twenty-One and 25/100 ($2,721.25), together with interest in the amount of Three Hundred Fifty Nine and 23/100 ($359.23), together with costs of suit in the amount of Nine and 50/100 ($9.50)." No judgment was obtained

against John Bell, who was the other defendant in the original judgment, and although the title of this appeal includes him as a respondent, he actually is not a party to this appeal.

It will be noted that while there had been no substitution of parties or of counsel, and the action was entitled in the original plaintiff, the judgment was ordered in favor of Freeman as assignee. On July 15, a writ of execution on that judgment was issued.

Thereafter defendant made a motion to set aside the judgment and recall the writ of execution on the ground "that the same is not given to the plaintiff in the above entitled action, but is a judgment in favor of a stranger to said action, to-wit: one B. H. Freeman . . ." The motion was heard on the affidavits of Attorney Duane and plaintiff Davis, and the testimony of Freeman. The gist of the affidavit of Attorney Duane was to the effect that when he consented to judgment against his client he believed that Attorney Langer was the attorney for plaintiff, and that the defendant wanted to pay the judgment, but required that the satisfaction of judgment be signed by Davis instead of Freeman. The affidavit of Davis was to the effect that he had assigned all his interest in the cause of action to Freeman and that the latter was "now the owner of said claim or judgment if judgment has been obtained therein." The examination of Freeman was unusual. Attorney Brown, claiming to act for plaintiff, cross-examined Freeman under section 2055 of the Code of Civil Procedure, notwithstanding that Davis, his own client, had filed an affidavit to the effect that he had assigned his interest in the judgment to Freeman and apparently did not want the judgment set aside. The long cross-examination of Freeman merely brought out the fact that the assignment was for collection, and that Freeman had known that Brown was the attorney of record for Davis in the suit, and practically added nothing that was not already revealed by the record in the case. The court set aside the judgment and recalled the execution.

An appeal therefrom was taken by Freeman as assignee of plaintiff Davis. The appeal is resisted by the defendant and also by Attorney Brown who signs as "Attorney for Frank Davis" (not *plaintiff* Frank Davis).

The position of appellant Freeman is that the court had no power to set aside the judgment, as no motion was made under section 473. The answer of respondent to this is that the judgment was void on its face, because the stipulation for

judgment upon which it was based was void, in that Attorney Langer had no standing in the court below, not being attorney of record, and his client Freeman not having been substituted as a party of record. Respondent for the same reason claims that appellant Freeman has no standing on this appeal.

The position of Attorney Brown is that the action below was "a manifest attempt . . . to frustrate the rights of a licensed attorney at law by a collection agency. . . ." It is apparent that the real contest here is between Attorney Brown and Freeman. In his brief, Attorney Brown avoids mentioning the position taken by his client Davis as well as the affidavit signed by Davis. In his brief appears this language: "The facts of this case, as Frank Davis understands them *by and through his attorney, Joseph A. Brown.* . . ." (Emphasis added.)

Defendant contends that she wants to pay the judgment but is afraid to pay the assignee, in spite of the fact that Davis, at the hearing of the motion to vacate the judgment, filed an affidavit that Freeman was the now owner of the judgment. A payment to Freeman would certainly protect defendant as against Davis.

All the questions raised by both defendant and Attorney Brown depend upon, first, the validity of the stipulation for judgment, and secondly, the effect of the action of the court in signing the judgment. If that judgment is completely void, then Freeman has no standing here, and the court's action setting it aside must be affirmed. If, on the other hand, the judgment was a mere irregularity, a different situation results.

There is no claim made that Davis did not assign his interest to Freeman. ▪ An assignee of an interest in a pending action has the option of being substituted in the action or continuing it in the name of his assignor (Code Civ. Proc., § 385; *Culley* v. *Cochran,* 107 Cal.App. 525 [290 P. 484]), and the assignee has the right to control the further proceedings in the action. (*Culley* v. *Cochran, supra; Harlan Douglas Co.* v. *Moncur,* 19 Cal.App. 177 [124 P. 1053].)

". . . if no substitution is asked for, the case will go on in the name of the original party as if no transfer had been made, and to have it do so, no application to or action by the court is necessary." (*Cleverdon* v. *Gray,* 62 Cal.App.2d 612, 616 [145 P.2d 95], quoting from *Malone* v. *Big Flat Gravel Mining Co.,* 93 Cal. 384 [28 P. 1063].)

■ It is well settled that a client has a right to discharge his attorney at any time, except where the attorney has an interest in the subject matter of the suit, even though a contingent fee has been agreed upon, or an irrevocable power of attorney given, or the client is indebted to the attorney for services or money advanced.'' (3 Cal.Jur. 628; *O'Connell* v. *Superior Court,* 2 Cal.2d 418 [41 P.2d 334, 97 A.L.R. 918].)

■ ▪ While the client has an absolute right as above set forth to discharge his attorney at any stage of the proceeding, the substitution of an attorney of record can only be made in the manner provided in section 284, Code of Civil Procedure. (3 Cal.Jur. 639.)

''It is settled that the attorney of record has the exclusive right to appear in court for his client and to control the court proceedings, so that neither the party himself [citing cases], nor another attorney [citing cases] can be recognized by the court in the conduct or disposition of the case.'' (*Wells Fargo & Co.* v. *City etc. of San Francisco,* 25 Cal.2d 37, 42 [152 P.2d 625].)

■ Assuming that the action of Attorney Langer was irregular in proceeding in the case without a formal substitution of attorneys, however, the question arises as to whether the defendant under the circumstances here can raise these questions. Is she not estopped to do so? Defendant knew of the situation as to Freeman and Attorney Langer. She knew that there was no substitution of attorneys or parties. After the assignment and the appointment of Langer as attorney for Freeman as assignee were filed, Attorney Langer filed an affidavit for attachment and a writ was issued. Defendant filed its answer and presumably served a copy on Attorney Langer. Thereafter defendant received a memorandum to set the cause for trial in which it stated that Freeman as assignee was filing the memorandum to set. Later defendant received from Attorney Langer a notice of time and place of trial. Not only did the defendant with full knowledge of what the record disclosed and of the fact that she had received no notice of substitution of attorneys, make no objection to Attorney Langer taking full charge of the proceedings in the case, but thereafter defendant appeared in court with Attorney Langer and made this statement: ''I am stipulating that plaintiff may take judgment.'' In view of that situation how can defendant raise the question of the lack of substitution of attorneys? Had the judgment been entered in favor of plaintiff as stipulated, rather than in favor of the assignee,

defendant could in no wise complain. While the proceedings by an attorney not of record might be irregular, still defendant was not injured thereby. As was held in *Gill* v. *Southern Pacific Co.*, 174 Cal. 84, 87 [161 P. 1153], referring to a proceeding for substitution of attorneys, defendant had no direct interest therein.

Defendant's only interest is to be protected in the payment of the judgment which she professes she is ready and willing to pay. Had she paid the assignee under the judgment as entered, she would have been fully protected, for as soon as Davis made the assignment, Davis lost all control of the action. Davis makes no claim as against Freeman, and even tried to help Freeman by signing the affidavit before mentioned.

Actually, Freeman is not a stranger to this action. He is the owner of the cause of action and of the judgment intended to be rendered, and the one who has the full control of the proceedings. Also it is not a case where facts were concealed either from the court, the defendant, the plaintiff, or the attorney for plaintiff. All had knowledge of the fact that Freeman as assignee had taken full charge of the proceedings and appointed his own attorney to carry them on.

The position of the defendant is somewhat contradictory. She moved to set aside the judgment on the ground that Freeman was a stranger to the action; yet on the hearing defendant without objection acquiesced in the action of Attorney Brown in putting Freeman on the stand and cross-examining him under section 2055 of the Code of Civil Procedure, expressly claiming that he was a "party to the record." Attorney Brown's position, too, is anomalous. Although his client wanted the judgment to stand, Attorney Brown joined forces with the defendant to get the defendant relieved from the judgment. Attorney Langer appeared for the assignee, who had the right to conduct the proceedings without further regard to the plaintiff. Also, the testimony shows that after the assignment was made, Attorney Brown informed Freeman that he would not represent him. Davis had the right to assign the judgment to Freeman; Freeman had the right to select his own lawyer, and had Freeman been formally substituted as plaintiff, Freeman could have appointed Langer as his attorney without a formal substitution. The assignee of a chose in action is under no obligation to employ the attorney for the assignor. Even had Attorney Brown been given notice of substitution he could not have prevented Freeman from selecting his own attorney, nor could the claims of Attorney

Brown against his client Davis be determined in this action. (*Overell* v. *Overell*, 18 Cal.App.2d 499, 503 [64 P.2d 483].) Under these circumstances, the failure of Freeman who was carrying on the proceedings in plaintiff's name to get a formal substitution of attorneys was a mere irregularity, as to which the defendant cannot complain, nor can he raise objection to Langer as attorney for Freeman carrying on this appeal, nor to the fact that the notice of appeal was by Freeman as assignee. As between defendant and the assignee, who has the right to appeal either in his own name or that of the plaintiff, the failure to formally substitute is a mere irregularity of which defendant cannot complain.

Under our former rule (now changed by rule 1(a) of the new Rules on Appeal, see *Estate of Hultin*, 29 Cal.2d 825, at page 832) requiring that a notice of appeal be signed by the attorney of record, it was nevertheless held the failure so to do is *a defect which may be waived by the adverse party by failure seasonably to object thereto, and that slight circumstances of acquiescence are sufficient to show such waiver.*" (*Starkweather* v. *Eddy*, 196 Cal. 73, 75 [235 P. 734]; emphasis added.) In that case the attorney of record was Attorney Cook, who filed the original answer in the court below. An amendment to the answer not signed by anyone as attorney for defendant, but which was written upon the stationery of Attorney Davis, was thereafter filed, bearing an endorsement acknowledging receipt of copy by counsel for plaintiff. An Attorney Dadmun associated with Attorney Davis, tried the case. The findings of fact recite that the defendant was present at the trial with Dadmun, his attorney, and that a certain stipulation was entered into in open court by and between the attorneys for the respective parties. The opening brief was signed by Davis and Dadmun as attorneys for defendant and appellant, and bore an admission of service by counsel for plaintiff. The last-named attorneys obtained from plaintiff's counsel a stipulation extending time to file their reply brief. The court said, ". . . there is no room for doubt that he [plaintiff] has waived his right to have it [the rule above-mentioned] applied to the present case."

In *McDonald* v. *McConkey*, 54 Cal. 143, the appeal was taken by an attorney not the attorney of record in the court below. The circumstance that respondent's attorney joined with him in certifying to the transcript was held sufficient to show such waiver. Respondent's acceptance of service of

notice of appeal without objection was held sufficient to show such waiver in the following cases: *Withers* v. *Little,* 56 Cal. 370; *Livermore* v. *Webb,* 56 Cal. 489; *Bashore* v. *Lamberson,* 36 Cal.App. 233 [171 P. 968]. To the same effect as to a notice of intention to move for a new trial, see *Smith* v. *Smith,* 145 Cal. 615 [79 P. 275]; see, also, 30 Cal.L.Rev. 441.

"A person who is not a party but who controls an action, individually or in co-operation with others, is bound by the adjudication of litigated matters as if he were a party if he has a proprietary or financial interest in the judgment or in the determination of a question of fact or of a question of law with reference to the same subject matter or transaction; *if the other party has notice of his participation, the other party is equally bound.*" (Restatement, Judgments, § 84, p. 390; emphasis added.)

The same rule set forth in the foregoing cases concerning appeals and motions for new trial, must under the peculiar circumstances of this case, be held to apply to the proceedings in the court below. Defendant by her conduct in acquiescing in the actions of Attorney Langer has waived her right to object to those actions.

This brings us to the next question in the case, as to whether the judgment was void or merely a clerical misprision which should have been corrected by the court below rather than by setting aside the judgment. The stipulation was that *plaintiff* take judgment. The minute order was that "judgment be entered herein in favor of plaintiff as prayed." Thus, the judgment as pronounced by the court was the correct judgment. It was only the formal document reducing that judgment to writing that is incorrect. It was held in *Mann* v. *Haley,* 45 Cal. 653, 654, where the names of some of the plaintiffs were omitted in the judgment, that the proper proceeding was for the court to amend the judgment and not to vacate it.

"Rendition and entry are separate acts and different in their nature. The rendition of a judgment is a judicial act; its entry upon the record is merely ministerial. A judgment is not what is entered, but what is ordered and considered." (Freeman on Judgments, vol. 1, § 46, p. 75.)

Freeman on Judgments, volume 1, section 145, page 281: "All courts have inherent power, independent of statute, to correct clerical errors at any time, and to make the judgment entry correspond with the judgment rendered." (P. 283.) "The power extends to expunging in toto a mistakenly entered judgment and substituting the true one though exactly to the

contrary. . . . It is immaterial in what the inaccuracy consists or how far the entry deviates from the judgment rendered."

In determining what are clerical errors (p. 284) ". . . 'clerical' is employed in a broad sense as contra-distinguished from 'judicial' error and covers all errors, mistakes, or omissions which are not the result of the exercise of the judicial function. In other words, the distinction does not depend so much upon the person making the error as upon whether it was the deliberate result of judicial reasoning and determination, regardless of whether it was made by the clerk, by counsel or by the judge.

(P. 291.) ". . . a judgment has been amended by inserting the names of the members of the partnership where their firm name only had been stated, and to show that it is against the members of a partnership rather than a corporation.

"Errors are not infrequently made with respect to the parties involved in the litigation, usually by the clerk in entering the judgment, in which event they are of course subject to correction. They may, however, be due to the judge or court and if they are inadvertent and not the result of judicial determination and discretion they may likewise be amended.

"Where through such mistake and inadvertence, whether of the clerk or court, the judgment is for the plaintiff instead of the defendant, or vice versa, as where the words 'plaintiff' and 'defendant' have been inadvertently interchanged, the error is regarded as clerical and may be amended. So where a judgment has, through such mistake or inadvertence, included a party who should have been excluded, or excluded a party who should have been included, it may be corrected by amendment to include or exclude such person, as the case may be."

(P. 295.) "Where a party sues or is sued in one capacity only, whether individual or representative, judgment obviously should ordinarily be for or against him in that capacity and no other. Any departure from this rule would usually seem to be due to mistake of the clerk or inadvertence of the court, and where this is the fact the judgment or the record thereof may be corrected in this respect as a clerical error. This principal has been applied to a judgment against an executor or administrator personally when it should have been against him in his representative capacity, and vice

versa, and likewise to judgments in favor of such persons when plaintiffs.''

In *City and County of San Francisco* v. *Brown*, 153 Cal. 644, 649 [96 P. 281], the court ordered judgment of nonsuit in favor of defendants and against plaintiff. Thereafter defendants presented to the clerk a judgment granting the nonsuit and also decreeing that the defendant Brown was the owner and entitled to the possession of the land involved in the case. On motion the court set aside this judgment on the ground that the entry of the judgment was a clerical error. ''We cannot perceive how any claim that the entry of the judgment was judicial is maintainable. *There was no error in the judgment as rendered. The error was in entering a different judgment from that which the court had ordered.* The entry of the judgment was a matter with which the court had nothing to do. It was a ministerial act to be performed by the clerk, and his duty was to enter only such judgment as the court had rendered.'' (Emphasis added.)

In *Crim* v. *Kessing*, 89 Cal. 478 [26 P. 1074, 23 Am.St.Rep. 491], a decision in favor of plaintiff was announced by the court and entered in the minutes in favor of Carrie A. Beach, the original plaintiff. Substitution of Samuel Crim as successor in interest of plaintiff Beach had been theretofore filed in the case. Subsequently the court made an order *nunc pro tunc* that ''Samuel Crim, the successor in interest of the plaintiff herein, be and he is hereby substituted as the plaintiff in this action, and that this action continue in his name as such plaintiff, in the place and stead of Carrie A. Beach, plaintiff therein.'' (P. 482.) ''All courts of record have the inherent power to correct their records so that they shall conform to the actual facts, and speak the truth of the case; and such correction may be made at any time, either upon the motion of the court itself, or at the instance of any party interested in the matter.'' (P. 486.) ''Under the system of practice which prevailed in this state prior to the adoption of the codes in 1872, findings were not essential to the entry or validity of a judgment (Practice Act, sec. 180); and under that system it was held that the entry in the clerk's minutes of the decision as announced by the court constituted the 'rendition of the judgment.' (*Gray* v. *Palmer*, 28 Cal. 416; *Genella* v. *Relyea*, 32 Cal. 159.) But under the provisions of the Code of Civil Procedure, whenever findings are required there can be no 'rendition of the judgment' until they are made and filed with the clerk. Findings of fact,

however, are required only 'upon the trial of a question of fact,' and they may in all instances be waived. Whenever they are waived or are not required, the entry of its decision in the minutes of the court constitutes the 'rendition of the judgment' in the same manner as it did under the former system. In the case of *Cook* v. *Cook,* which was under consideration by this court in *Estate of Cook,* 77 Cal. 220 [17 P. 923, 19 P. 431, 11 Am.St.Rep. 267, 1 L.R.A. 567], the *defendant,* after *service of the summons* upon him, made default, and the referee to whom the matter had been referred to take the necessary proof having made his report, the court upon the hearing thereof made an order which was then entered in its minutes, decreeing a divorce between the parties to the action, and this court held that inasmuch as in case of a default findings are not required, the entry in the minutes constituted the 'rendition of the judgment.' ''

In *Dreyfuss* v. *Tompkins,* 67 Cal. 339 [7 P. 732], a verdict found that plaintiff was the owner of the property described in the complaint and entitled to its return, or if a return could not be had, then for a money judgment. The clerk merely entered up a judgment for costs. The case was appealed to the Supreme Court, where the judgment and order were affirmed. After the remittitur was filed in the court below plaintiff moved to amend the judgment to provide that plaintiff was the owner of the property described and if a return could not be had for a money judgment. "It is well settled that clerical errors in a judgment, where they are shown by the record, may be corrected at any time so as to make the judgment entry correspond with the judgment rendered. (*Swain* v. *Naglee,* 19 Cal. 127; Freeman on Judgments, secs. 70, 71.) And this may be done even after an appeal and affirmance of the judgment. (*Rousset* v. *Boyle,* 45 Cal. 64.)

"In this case the error complained of appeared on the face of the record, and it was the duty of the court to correct it on motion. The judgment and order should be affirmed."

In *Bemmerly* v. *Woodward,* 124 Cal. 568 [57 P. 561], the suit was by plaintiffs as administrator and administratrix with the will annexed of the estate of the deceased. The judgment as entered gave judgment to the plaintiffs individually. After motion for new trial was made, the court corrected the judgment by including the representative capacity of the plaintiffs. It was held that this was a clerical mistake which could be corrected at any time. "It does not

follow that it was not a clerical error because the judgment is signed by the judge." (P. 576.)

In *Mirabito* v. *San Francisco Dairy Co.*, 8 Cal.App.2d 54 [47 P.2d 530], after the case had been appealed and the judgment affirmed by the Supreme Court, it was discovered that the name of one of the defendants had been omitted from the judgment. The court corrected the judgment by adding the name of this defendant, "Dairy Delivery Company, Inc." This action was upheld by virtue of the inherent authority of a court to make its records speak the truth.

In *Benway* v. *Benway*, 69 Cal.App.2d 574 [159 P.2d 682], a *nunc pro tunc* order was made correcting the interlocutory decree of divorce by adding an approval of the agreement settling property rights and custody of the children. It was there held (p. 579): "The great weight of authority is to the effect that a court may, at any time, and with or without notice, or on its own motion, correct a judgment by a *nunc pro tunc* order so as to make the judgment as entered conform to the *judicial decision* actually made." The court then goes on to say that *the signing of the judgment is merely a ministerial act to which the signature of the judge gives no additional validity.* To the same effect, *Crim* v. *Kessing, supra,* 89 Cal. 478; *Takekawa* v. *Hole,* 170 Cal. 323 [149 P. 593]; *In re Cook,* 77 Cal. 220 [17 P. 923, 19 P. 431, 11 Am.St.Rep. 267, 1 L.R.A. 567].

As said in *Estate of Goldberg,* 10 Cal.2d 709, 715 [76 P.2d 508], "Ordinarily, although originally and in its literal significance, a clerical error is one that has been made by a clerk or some subordinate agent, latterly the meaning has been broadened and extended so that it now may include an error that may have been made by the judge or by the court."

On the power of the court to amend its judgment to conform to the judgment pronounced, (see 49 C.J.S. § 236, p. 447, and § 237, p. 449; 14 Cal.Jur. p. 991, § 70; p. 993, § 71; p. 995, § 72.) Section 473 of the Code of Civil Procedure provides: "The court may, upon motion of the injured party, or its own motion, correct clerical mistakes in its judgment or orders as entered, *so as to conform to the judgment or order directed. . . .*" (Emphasis added.)

Since submission, respondent has called our attention to *Mortimer* v. *Acquisition etc. Dist., No. 36,* 79 Cal.App.2d 404 [180 P.2d 355], which, however, is not in point here. That was a suit against Acquisition and Improvement District No. 36 of San Diego County. The county of San Diego was

included as a defendant, but under a fictitious name. The county appeared by its true name and admitted that the defendant district held certain sums awaiting judicial determination of the proper payee. The complaint was not amended to show the county's true name, nor was any judgment given against the county. On appeal the district contended that the judgment was void "because taken against a party which has no legal capacity to sue or be sued and therefore is not such a legal entity as will permit a judgment to operate against it." Respondent admitted this contention, but urged that the county of San Diego (sued as Corporation One) was the real party in interest operating under the name of the district, and asked the appellate court to order "the complaint and the judgment 'amended as of a date prior to the entry of the judgment to express the true circumstances.'" The court held that it was without power to order the judgment amended by the substitution of the county of San Diego as judgment debtor in place of the district, and ordered the case remanded for a new trial on the question as to whether the county and the district compose one legal entity so as to entitle respondent to a judgment against the county "at which time the trial court may permit such amendments to the pleadings, findings and judgment as it sees fit." There was no contention made that the court had inadvertently signed a wrong judgment, nor any similarity between that case and the one at bar.

For the reasons hereinbefore set forth it is not necessary to discuss the cases cited by both defendant and Attorney Brown to the effect that a judgment in favor of a person not a party to the record is a nullity and void.

If the judgment is corrected to follow the stipulation, the judgment rendered by the court and the minute order, both parties to this appeal are protected. Freeman, as assignee, owns the judgment, although it be rendered in the name of the original plaintiff. The original plaintiff, Davis, cannot complain (nor is he doing so) as a judgment against defendant has been obtained, on payment of which, by defendant, his assignee for collection will account. Defendant cannot complain as such a judgment would meet the situation mentioned in her brief: ". . . counsel for respondents stipulated in open Court that plaintiff may take judgment and we abide by that stipulation and are ready and willing to pay the same when a valid judgment is rendered in favor of plaintiff, or at any time that plaintiff will execute a good and sufficient

satisfaction of judgment.'' And ''It will be seen from the foregoing that it was intended by the stipulation that plaintiff should have judgment.'' Nor can Attorney Brown complain. His client has obtained the thing that Attorney Brown started out to get for him, namely, a judgment against the defendant. Attorney Brown is fully protected in that his right to compensation for services rendered and for his wrongful discharge, if it be wrongful, is by an independent action against his former client. (*Echlin* v. *Superior Court*, 13 Cal.2d 368 [90 P.2d 63, 124 A.L.R. 719].) ''. . . the attorney's remedy for a wrongful discharge is by an independent action.'' (P. 373.) See, also, *Wright* v. *Security First Nat. Bank*, 13 Cal.2d 139 [88 P.2d 125]. ''In the event his discharge is improper or without just cause, adequate remedies are available to the attorney by which he may seek reimbursement for such services and outlays on behalf of the client.'' (*O'Connell* v. *Superior Court*, 2 Cal.2d 418, 421 [41 P.2d 334, 97 A.L.R. 918].) While Attorney Brown claimed in the proceedings below that Freeman was a party for purposes of cross-examination under section 2055 of the Code of Civil Procedure, he now claims that he is not a party.

Attorney Brown is not a party to the proceeding, nor does he represent the original plaintiff as plaintiff. The brief filed by him only purports to represent Davis as an individual and not as a plaintiff, and as pointed out before is contrary to the expressed position of Davis as shown by his affidavit at the hearing of the motion to vacate the judgment.

Under the unusual circumstances of this case, justice will be best served by the simple procedure of correcting the formal judgment to conform to the judgment as rendered by the court.

The order vacating the judgment and recalling the writ of execution is reversed, and the trial court is instructed to correct the judgment in accordance with the views expressed herein. In the interests of justice, each party shall bear his own costs on this appeal.

Peters, P. J., and Ward, J., concurred.

A petition for a rehearing was denied July 14, 1947, and opinion was modified to read as above.