[Sac. No. 98.   Department Two.—October 3, 1896.]

G. P. HARRIS, APPELLANT, v. I. W. GIBBINS, RE-SPONDENT.

COUNTY GOVERNMENT ACT—POWER OF SUPERVISORS—EMPLOYMENT OF EXPERT.—Under the County Government Act, the board of supervisors have authority to employ an expert to examine the books and accounts of county officers, in order to obtain the information necessary to enable the court to discharge the duties enjoined on it, in the matter of supervision of county officers, directing prosecution against them for delinquencies, etc., and the agreed compensation of such expert is a lawful charge against the county.

APPEAL from a judgment of the Superior Court of Modoc County.   C. L. CLAFLIN, Judge.

The facts are stated in the opinion of the court.

*G. F. Harris, in pro. per.*, for Appellant.

The board had full power and jurisdiction to contract the indebtedness and to order it paid. (County Government Act; Stats. 1893, pp. 346, 351, 356, 359, 511; *Lassen County* v. *Shinn*, 88 Cal. 510, and cases cited.) Whenever a power is granted or a duty imposed upon a board or officer, the means of carrying such power into effect and of performing such duty is also given and necessarily implied. (County Government Act, sec. 1; Dillon on Municipal Corporations, secs. 443, 447.)

*John E. Raker, District Attorney*, for Respondent.

The board had no power to create the office of expert and employ the petitioner to fill it, and his claim is illegal and not a county charge. (County Government Act; Stats. 1893, pp. 351, 353, 375), this is simply one of the duties enjoined upon a board of supervisors of a county. (County Government Act, secs. 25, 207; Stats. 1893, p. 351.) Boards of supervisors are creatures of the statute; "their powers being purely statutory, their every act must find its warrant in the statute, either expressly or by necessary implication." (*Modoc County* v. *Spencer*, 103 Cal. 498; *Robinson* v. *Supervisors*, 16 Cal. 208; *San Joaquin County* v. *Jones*, 18 Cal. 327; *Foster* v. *Coleman*, 10 Cal. 279; *Linden* v. *Case*, 46 Cal. 171; *Van Schmidt* v. *Widber*, 105 Cal. 151–61.)

McFARLAND, J.—The board of supervisors of Modoc county, upon the recommendation of the grand jury, employed the appellant as an expert to examine the books and accounts of the county officers of said county at an agreed compensation of five dollars per day. He faithfully performed his duties under said employment, and made his report to the board. He duly presented to said board his itemized claim for his services in the sum of one hundred and five dollars, which was the just amount due him under the contract; and the claim was by said board regularly approved and allowed. But the respondent, who is county auditor of said county, refused to draw his warrant for said allowed claim, or any part of it. Whereupon appellant commenced this proceeding in the superior court to obtain a writ of mandate commanding said respondent to draw such warrant. The case was submitted in the court below upon a demurrer to the petition; and the court rendered judgment in favor of respondent and dismissing the writ. From this judgment petitioner appeals. The only question involved is whether or not appellant's claim is an account "legally chargeable against the county"; and this depends upon the solu-

tion of the question, Did the board have legal authority to employ the appellant for the purpose above stated?

The board of supervisors constitute the general governing body within the domain of local county governmental affairs; and while their jurisdiction is confined within the limits marked by the statutory law by which such jurisdiction is granted, still it includes not only the powers expressly enumerated, but also those implied powers which are necessary to the exercise of the powers expressly granted, except in the instances where such implied power is expressly or impliedly prohibited. And we think that authority to employ the appellant for the purposes set forth in the petition in the case at bar is necessarily implied from the powers specifically given the board in the County Government Act. (Stats. 1893, p. 346, et seq.) It is there provided (County Government Act, sec. 1) that counties "are bodies corporate and politic, and as such have the powers specified in this act, and *such other powers as are necessarily implied.*" It is also provided that — speaking of a county—" its powers can only be exercised by the board of supervisors, or *by agents* or officers *acting under their authority,* or authority of law." (County Government Act, sec. 2.) It is also provided that a county— acting, of course, through its board of supervisors—has power "to make *such contracts,* and purchase and hold such personal property, as may be *necessary to the exercise of its powers.'* (County Government Act, sec. 3.) It is further provided (County Government Act, sec. 25) that the board of supervisors shall have jurisdiction and power "to supervise the official conduct of all county officers, and officers of all districts and other subdivisions of the county charged with the assessing, collecting, safekeeping, management, or disbursement of the public revenue; see that they faithfully perform their duties, *direct prosecutions for delinquencies,* and, when necessary, require them to renew their official bonds, make reports and present their books and accounts for inspection"; and "to do and perform all other acts and things re-

quired by law, not in this act enumerated, or which may be necessary to the full discharge of the legislative authority of the county government." (County Government Act, sec. 25, subd. 35.)

The foregoing provisions of the law fully warranted the board to employ the services of the petitioner in order to obtain the information necessary to enable it to discharge the duties enjoined on it in the matter of the supervision of county officers, directing prosecutions against them for delinquencies if necessary, etc. The County Government Act requires many things of the supervisors which they could not wholly accomplish personally, or do manually with their own hands. It is difficult to conceive how a board of supervisors in its capacity as a body corporate and politic, could expert books, or be an expert accountant; and yet the experting of books seems to be necessary to that supervision of county officers which the law expressly imposes upon such board. Power to accomplish a certain result, which evidently cannot be accomplished by the person or body to whom the power is granted without the employment of other agencies, includes the implied power to employ such agencies; and in such case, when the law does not prescribe the means by which the result is to be accomplished, any reasonable and suitable means may be adopted. Of course, a different rule applies where, from the nature of the act to be done or the language used in the grant, it is apparent either that the power is to be exercised and the duty performed entirely by the personal exertions of the officer or agent named, or that he is to be limited to the means and agencies enumerated in the law by which the power is granted.

There is nothing in the decision of the case of *Modoc County* v. *Spencer*, 103 Cal. 498, which conflicts with the views above expressed; indeed, it is in clear accord with the principle above stated as above limited. The decision of that case rested upon the maxim, *expressio unius est exclusio alterius;* it being there held, that, the cases in which the board of supervisors might employ

counsel being enumerated in the statute, power to employ counsel in other cases was impliedly excluded.

The judgment is reversed, with direction to the superior court to grant the writ of mandate as prayed for in the petition.

Temple, J., and Henshaw, J., concurred.

Hearing in Bank denied.