[No. 87. Second Appellate District.—June 15, 1905.]

## C. C. VALLE, Appellant, v. E. E. SHAFFER, Auditor of San Diego County, Respondent.

COUNTIES—POWER OF SUPERVISORS—APPORTIONMENT AND COMPENSATION OF HEALTH OFFICER—CONSTITUTIONAL LAW.—Under section 11 of article XI of the constitution and under the general provisions of the County Government Act of 1897, the board of supervisors of a county have the power, by necessary implication, to appoint an expert medical employee as health officer, and to fix his compensation and order it paid out of the county treasury. It is immaterial whether or not the legislature transcended its powers under the constitution in the express provision of subdivision 20 of section 25 of the County Government Act upon that subject.

ID.—APPOINTEE NOT A COUNTY OFFICER.—The health officer appointed by the board is to be deemed an employee, and not a county officer.

APPEAL from a judgment of the Superior Court of San Diego County. E. S. Torrance, Judge.

The facts are stated in the opinion of the court.

George H. P. Shaw, Lewis R. Kirby, and Kirby & Shaw, for Appellant.

Cassius Carter, District Attorney, and W. R. Andrews, Deputy, for Respondent.

GRAY, P. J.—The petitioner applied to the superior court for a writ of mandate to compel the auditor of San Diego County to draw his warrant in favor of petitioner on the county treasurer for fifty dollars claimed to be due petitioner for one month's salary as health officer of said county. A demurrer to the petition was sustained, and from the judgment following the petitioner appeals.

The board of supervisors of said county appointed petitioner health officer of said county and fixed his compensation at six hundred dollars a year, or fifty dollars a month. The question for solution relates to the validity of the orders of the said board in that behalf.

Section 11 of article XI of our constitution reads as follows: "Any county, city, town, or township may make and enforce within its limits all such local, police, sanitary, and other regulations as are not in conflict with general laws."

The powers of a county "can only be exercised by the board of supervisors, or by agents and officers acting under their authority, or authority of law." (Stats. 1897, p. 452.)

"The board of supervisors shall adopt orders and ordinances necessary for the preservation of the public health of the county, not in conflict with the general laws, and provide for the payment of all expense incurred in enforcing the same." (Stats. 1897, p. 464.)

Counties "are bodies corporate and politic, and as such have the powers specified in this act, and such other powers as are necessarily implied." (Stats. 1897, p. 452.)

The board also has power "to do and perform all other acts and things required by law not in this act enumerated, or which may be necessary to the full discharge of the duties of the legislative authority of the county government." (Stats. 1897, p. 467, subd. 40.)

The foregoing provisions of the constitution and of the County Government Act of 1897 by necessary implication, if not by express words, give to the board of supervisors of San Diego County the authority to do just what they have done in appointing and fixing the compensation of petitioner herein. How is the board to look after the sanitary condition of the county and the health of its people except through the assistance of paid expert agents? They have the implied power to adopt any adequate and appropriate means to carry

out their express powers. "Power to accomplish a certain result which evidently cannot be accomplished by the person or body to whom the power is granted without the employment of other agencies includes the implied power to employ such agencies; and in such case when the law does not prescribe the means by which the result is to be accomplished, any reasonable and suitable means may be adopted." (*Harris* v. *Gibbins*, 114 Cal. 418, [46 Pac. 292].)

There can be no doubt about the constitutionality or propriety of any of the above-quoted provisions of the County Government Act of 1897 defining the powers of the board of supervisors. Indeed, as the legislative body of the county, they would, under the constitutional provision quoted, have by implication all the powers given, even if there was no express statute in relation thereto.

It is, then, immaterial whether the legislature transcended its powers under the constitution when it provided in subdivision 20 of section 25 of the County Government Act of 1897 (Stats. 1897, p. 464), for the appointment of a health officer in each of the counties and left it to the board to fix his compensation, without classifying the counties. If their effort in that behalf was constitutional, then, of course, the board had a right to follow it. If, on the other hand, it was unconstitutional and void, still the board might adopt it as the most reasonable method of exercising the implied power which we have already held them to possess under the provision of the constitution.

The board had the power to appoint an expert medical employee, just as in *Harris* v. *Gibbins,* 114 Cal. 418, [46 Pac. 292], it was held to have the inherent or implied power to employ an expert to examine books, or as it would have to employ a janitor or other necessary assistant. And this power is in no way affected by any abortive attempt of the legislature to *expressly* give them the same power by a method contravening some provision of our constitution.

Again, to put it in another way, if the act of the legislature is void because it fails to fix the compensation of the health officer, but leaves that matter to the board,—or is void for any other cause,—we can only say that the board is left without any *express* authority to appoint a suitable medical assistant, which throws them back again upon their *implied*

power to do that very thing. The board should not renounce so important a function as that of looking after the sanitary condition of the county because the legislature has failed in its duty to provide them with the necessary machinery to that end when they possess the power to supply their own machinery. Of course, their appointee is not a county officer, because he does not hold his position by the authority necessary to make him such. He is, however, if we assume the unconstitutionality of the act expressly providing for his appointment, the employee of the board and they have at the same time the implied power to say what his compensation shall be, and to order it paid out of the county treasury. Without the power to pay him they could not secure his services and would be helpless to perform the duties enjoined upon them.

The judgment is reversed and the court below directed to overrule the demurrer to the petition.

Smith, J., and Allen, J., concurred.

A petition to have the cause heard in the supreme court after judgment in the district court of appeal was denied by the supreme court on August 14, 1905.