[Civ. No. 557.  Second Appellate District.—December 21, 1908.]

L. E. DADMUN, Appellant, v. CITY OF·SAN DIEGO et al., Respondents.

MUNICIPAL CORPORATIONS—VIOLATION OF ORDINANCES—PROVINCE OF CITY ATTORNEY—VOID ORDINANCE FOR SPECIAL PROSECUTOR.—Under the charter of the city of San Diego, the prosecution for violation of municipal ordinances devolves wholly upon the city attorney; and an ordinance providing for the office of special prosecutor for such violations, at a fixed salary, and referring the appointment thereof to the city council, is unauthorized and void, either as an attempt to create an office or a liability by employment.

ID.—MANDAMUS AGAINST AUDITING COMMITTEE—DEFECTIVE PETITION.— Under the charter of the city of San Diego, the auditing committee is required to deduct all indebtedness to the city from any claim or demand submitted to them for approval, and a petition

for a writ of mandate to compel them to allow a rejected claim, which does not allege that the petitioner was not indebted to the city, is defective, and cannot sustain a *mandamus* against such committee.

APPEAL from a judgment of the Superior Court of San Diego County, sustaining a demurrer to a petition for a writ of mandate.    E. S. Torrance, Judge.

The facts are stated in the opinion of the court.

L. E. Dadmun, Appellant, *in propria persona.*

George Puterbaugh, City Attorney, and J. W. Puterbaugh, Deputy City Attorney, for Respondents.

ALLEN, P. J.—Appeal by plaintiff from a judgment rendered by the superior court of San Diego county upon an order sustaining a demurrer to a petition for a writ of mandate.

The petitioner applied to the superior court for a writ of mandate requiring the auditing committee of the city of San Diego to allow and order paid a certain claim of plaintiff. In his petition plaintiff sets forth an ordinance duly passed by the city council of the city of San Diego creating the office of special prosecutor, fixing the salary and reposing the appointment thereof in the common council and the appointment of petitioner by such city council. It is averred in said petition that under such ordinance the city employed petitioner to perform certain services at such salary; that he accepted the employment, performed the services, and as a consequence there became due and owing to him the amount of such salary, which remains unpaid; that he presented for allowance his claim, duly verified, to the auditing committee of the city council, and that it disallowed and denied the same.

It is conceded by all parties that petitioner was not an officer of the city of San Diego, either duly appointed or qualified. Petitioner's contention, however, is that the demurrer admitting the request for and the performance of the services at a fixed price, a contract of employment resulted, under which his demand in a fixed sum became payable. There is nothing in the petition from which it appears that any specified services were performed other than those con-

nected with criminal prosecutions. "That he performed each and every act required of him," cannot be accepted as an allegation that any particular act was required or performed. The charter makes it the duty of the city attorney to prosecute on behalf of the people all criminal cases arising upon violations of city ordinances. "If the city attorney is to prosecute all cases of this character, none can remain which are to be conducted by the prosecuting attorneys." (*Fleming* v. *Hance*, 153 Cal. 162, [94 Pac. 620].) In other words, under the charter of the city of San Diego the city council cannot relieve a charter officer of the city from the duties devolving upon him by the charter and designate another to perform such duties. The proviso in section 2, chapter V, article III, of the city charter does not undertake to confer this power upon the city council. It only provides, "that the common council shall have control of all litigation of the city, and may employ other attorneys to take charge of any such litigation, or to assist the city attorney therein"; and under section 40, chapter 2, article II, a limitation is imposed as to the extent of expenditure which the council, under the proviso, may make in any fiscal year. We think that the term "litigation of the city" was intended only to apply to actions of a civil nature in which the city is interested, and not the mere prosecution for criminal violations of city ordinances. It follows, then, that the action of the city council in appointing a special prosecutor whose duty it should be to prosecute criminal violations of ordinances was unauthorized and void, either as an attempt to create an office or a liability by employment. In addition, it may be said that under any view which may be taken of the power of the city council to employ petitioner for any kind or character of service, the complaint is insufficient in an important particular. The charter of the city of San Diego, article VI, chapter 2, section 1, provides:

"There is hereby created an auditing committee. . . . It shall be the duty of this committee to examine, allow and order paid, or reject and disallow, all claims, demands, and bills of whatever nature (except monthly salaries of city officers, as fixed by this charter), which may be presented against the city, and the auditor shall not draw a warrant for any bill unless the same has been approved by a majority of the whole auditing committee.

"Sec. 2. All demands, bills, and claims which may arise against the city, . . . (except salaries of city officers fixed by this charter), shall be duly verified . . . and filed with the secretary of the auditing committee. . . . No demand upon the treasury shall be allowed by the auditing committee in favor of any officer or other person, or any of their assigns, who is in any manner indebted to the city, without first deducting therefrom the amount of such indebtedness."

It will be observed that one of the questions of fact to be heard and determined by the auditing committee, whenever a claim is presented to it other than one for the salary of a charter officer, is as to the condition of account between the city and the claimant; that if any indebtedness of any kind exists in favor of the city and against the claimant, the amount thereof should be deducted before the auditing committee may allow the claim. "Whether the claim is a proper town or county charge, in a case where it is doubtful and rests upon disputed evidence, . . . the statute commits to the determination of the board of audit; and however much it may err in judgment upon the facts, so long as it keeps within its jurisdiction, and acts in good faith, its audit cannot be overhauled, but is final, as well to the taxpayers as to the claimant." (*Sullivan* v. *Gage,* 145 Cal. 766, [79 Pac. 537].) This is not the rule where it is made to appear that no facts are to be determined by the board, but such board is simply called upon to determine a question of legal liability under agreed facts, in which cases, if the board of audit denies a plain, legal right, *mandamus* may be resorted to. (*Wood* v. *Strother,* 76 Cal. 545, [9 Am. St. Rep. 249, 18 Pac. 766]; *Valle* v. *Shaffer,* 1 Cal. App. 183, [81 Pac. 1028].) Petitioner in the case under consideration does not allege in his petition that he was not indebted to the city, which, if alleged and admitted by the demurrer, would have removed from consideration any question of fact, and would have brought his claim under the rule of *Wood* v. *Strother, supra.* The auditing board having rejected the claim, no duty devolved upon the auditor in respect thereto.

We see no error in the ruling of the superior court, and its judgment is affirmed.

Shaw, J., and Taggart, J., concurred.