[Civ. No. 2831. Second Appellate District, Division One.—May 13, 1919.]

## G. E. HARPHAM, Appellant, v. BOARD OF SUPERVISORS OF VENTURA COUNTY, etc., Respondents.

[1] PROTECTION DISTRICT—RIGHT OF EXISTENCE—QUO WARRANTO.— A protection district organized under the law of 1895 not being a public corporation, a proceeding in the nature of *quo warranto* will not lie to test its right of existence.

[2] ID.—FORMATION BY SUPERVISORS—EXCESS OF JURISDICTION—CERTIORARI.—Where the board of supervisors, in the attempt to perform functions of a judicial nature with reference to the formation of a protection district, exceeds its jurisdiction, *certiorari* will lie at the instance of a person who has been injuriously affected thereby.

APPEAL from a judgment of the Superior Court of Ventura County. Merle J. Rogers, Judge. Reversed.

The facts are stated in the opinion of the court.

G. E. Harpham, *in pro. per.*, for Appellant.

Don G. Bowker, District Attorney, and Robert M. Sheridan, Deputy District Attorney, for Respondents.

CONREY, P. J.—The plaintiff made application to the superior court of Ventura County for a writ of review directed to certain proceedings whereby the board of supervisors of that county attempted to create a certain protection district known as "Sespe Protection District of Ventura County." The defendants demurred to the petition and moved for dismissal of the action. The demurrer was based upon the ground that the petition did not state facts sufficient to constitute a cause of action, and that the plaintiff did not have legal capacity to sue. The motion was made upon the ground that the petitioner "has not legal capacity to sue, in this, that plaintiff is an individual and is attacking the validity of a public or *quasi*-public corporation, and that the legal existence of same cannot be questioned by a private individual on *certiorari*, but only

---

2. Nature and scope of writ of *certiorari*, note, 40 Am St. Rep. 29.

by the state of California on *quo warranto* proceedings.''
The motion was made upon the petition and upon an affi-
davit setting forth various proceedings had in performing
the work of the supposed Sespe Protection District during
the two years intervening after the district was declared
to be formed and before the commencement of this action.
The court sustained the demurrer without leave to amend
and granted defendants' motion to dismiss and accordingly
entered judgment of dismissal. The plaintiff appeals from
the judgment.

The petition shows that the only petition filed before the
board of supervisors was a petition signed by more than ten
owners of land in a certain district in that petition de-
scribed, asking for the formation of a stormwater district
in conformity with a certain act approved March 13, 1909,
(Stats. 1909, p. 339), amended June 6, 1913, (Stats. 1913,
p. 504). That petition was presented to the board of super-
visors on April 7, 1916. Thereupon, on the same day, the
board of supervisors passed a resolution of intention recit-
ing that a petition had been presented praying for the
formation of a protection district in accordance with an act
of the legislature approved March 27, 1895, and acts
amendatory thereto, and thereupon the board by resolution
declared its intention to form a protection district under
said act of 1895 (Stats. 1895, p. 248 et seq.), which act has
been amended at several subsequent sessions of the legis-
lature. (Stats. 1897, p. 219; Stats. 1903, p. 328; Stats.
1909, p. 809; Stats. 1911, p. 446; Stats. 1915, p. 1493; Stats.
1917, p. 1219.) The law requires that the board by its
resolution of intention shall fix a time and place for the
hearing of the matter, not less than thirty days after the
passage of the resolution. It is only after such notice and
hearing, and due disposition of the objections, if any are
made, that the board may declare the protection district
formed. In this case the petition shows that in its resolu-
tion of intention the board, in fixing a time for the hear-
ing, named a day only twenty-eight days subsequent to the
passage of the resolution, and the notice was given for that
day.

It is apparent that if the plaintiff is entitled to maintain
a proceeding of this nature, the demurrer to his petition
should have been overruled, since it states facts showing that

the board of supervisors did exceed its jurisdiction in determining that the petition which had been filed was a petition under the Protection District Act of 1895, and further exceeded its jurisdiction by naming for the hearing of the matter a day prior to any time within which, under the statute, the matter could be brought to a hearing.

Respondents contend that upon the showing made by them the Sespe Protection District is a *de facto* corporation and that its right to exist can only be determined by proceedings in the nature of *quo warranto*, which proceedings must be brought by the attorney-general in the name of the people of the state. In making this contention respondents must depend upon the provisions of section 803 of the Code of Civil Procedure, and that part thereof which authorizes the bringing of the action by the attorney-general "against any corporation, either *de jure* or *de facto*, which usurps, intrudes into, or unlawfully holds or exercises any franchise, within this state." **[1]** The contention of respondents is answered by the fact that a protection district organized under said law of 1895 is not a public corporation. It was so held in *Pasadena Park Improvement Co.* v. *Lelande*, 175 Cal. 511, [166 Pac. 341], where the point is decided and the reasons fully stated. The court declared that the powers conferred by the act are essentially like those conferred upon the city councils and boards of trustees to create assessment districts for the improvement of streets. Such a district has no semblance of corporate existence other than that it has a name. The name thus given is nothing more than a convenient substitute for a description of the lands subject to assessment. The "Protection District" exercises no corporate franchise and is in no particular a self-governing body. It has no life, no organs, no functions. A proceeding in the nature of *quo warranto* would not lie to test its right of existence. **[2]** This being so, and since the matters complained of by petitioner involve an excess of jurisdiction by the board of supervisors in the attempt to perform certain functions of a judicial nature, *certiorari* will lie at the instance of a person who, like the plaintiff, has been injuriously affected thereby.

The judgment is reversed.

Shaw, J., and James, J., concurred.