[L. A. No. 15472.   In Bank.—April 18, 1936.]

G. W. BOND et al., Appellants, v. THE CITY OF PASA-
DENA (a Municipal Corporation), Respondent.

Crouch & Crouch and George W. Crouch for Appellants.

Harold P. Huls, City Attorney, and John W. Holmes, Deputy City Attorney, for Respondent.

Ray L. Chesebro, City Attorney (Los Angelés), Frederick von Schrader, Assistant City Attorney, and Bourke Jones, Deputy City Attorney, as *Amici Curiae* on Behalf of Respondent.

SHENK, J.—This is an appeal from a judgment in favor of the defendant city. The plaintiffs sued on a warrant issued by the city on an assessment and diagram after the completion of the work of Ducey and Breitenstein, contractors and assignors of the plaintiffs herein. The warrant was issued in the sum of $13,213.01, and represented the amount payable from the general or other appropriate fund of the city for intersections in connection with a proceeding for the improvement of Lake and other streets, conducted under the provisions of the Street Improvement Act of 1911 (Stats. 1911, p. 730), and the city charter (sec. 4, art. IX).

The city resisted the payment on the ground that Ducey and Breitenstein were indebted to the city in an amount of approximately $55,000, claimed by the city to have been an overpayment to them as contractors, in connection with another and separate proceeding for the improvement of Linda Vista Avenue and other streets, under the Municipal Improvement Act of 1915. (Stats. 1915, p. 99.)

The trial court found that the plaintiffs' said assignors, at the time of the issuance of the warrant sued on, were indebted to the city in the sum of $43,156.18, which was later reduced to final judgment in favor of the city by stipulation of the parties in the cause entitled: "*City of Pasadena, a municipal corporation, individually and as trustee,* v. *William F. Ducey and Thomas C. Breitenstein, et al.*", number 301,132 in the files of the Superior Court in Los Angeles County. The judgment was entered herein in favor of the city pursuant

to the authority of section 5 (formerly section 12) of article XI of the charter of said city providing as follows: "No demand shall be approved by the city controller in favor of any person or officer, or the assignee of any person or officer, who is indebted to the city, without first deducting the amount of the indebtedness."

■ The plaintiffs attack the judgment principally on the ground that since the amounts overpaid to the plaintiffs' assignors, and for which the city obtained judgment in the other action, were paid from special bond funds of Municipal Improvement Districts numbered 3 and 8 in said city, it necessarily follows that the city, in disbursing those funds, was acting in the capacity of trustee for said improvement districts, and that mutuality in the matter of set-off, therefore, did not exist, citing *Kaye* v. *Metz*, 186 Cal. 42, 49 [198 Pac. 1047]. Assuming the correctness of the general rule relied upon, namely, that "one who holds a claim as trustee cannot have it set off against a demand due from him individually" (23 Cal. Jur., p. 262), it remains to be determined whether the city, in the situation here presented, is subject to that rule.

It is first observed that the judgment entered in favor of the city by stipulation of the parties in said action of *Pasadena* v. *Ducey and Breitenstein*, provided: "It is ordered, adjudged and decreed that the plaintiff, City of Pasadena, a municipal corporation, have judgment herein upon the fifth, sixth, seventh and eighth counts of the complaint in the total principal sum of $43,156.18, with interest," etc. The city itself is therein the sole judgment creditor. The form of the judgment may not be controlling in all cases, but it is clear that under this particular judgment the plaintiffs' assignors were indebted "to the city" in an amount greater than the demand sued on as contemplated by the city charter, and little more need be said on the question of the claimed lack of mutuality. Pursuing the theory of the plaintiffs, it is true that in looking to the judgment roll in that action, which is in evidence, and to the findings in the present action, it is disclosed that the city, in disbursing the special bond funds of the municipal improvement districts, was citing under a special statute which provided, in section 8, that the bond funds should be devoted solely to the purpose for which the bonds were voted. But the same rule applies with reference

to the disbursement of funds derived from the sale of general bonds of the city. Overpayment from any of said special bond funds was not authorized by law and the city, as the legal entity authorized to act, had a direct interest in recovering the same on behalf of the special funds under its control. Districts organized under the Municipal Improvement District Act of 1915 are not legal entities in the sense that they have an independent legal status with capacity to sue or to perform any of the powers ordinarily vested in municipal corporations or governmental subdivisions. (See *Anaheim Sugar Co.* v. *County of Orange*, 181 Cal. 212 [183 Pac. 809]; *Fox* v. *City of Pasadena*, 78 Fed. (2d) 948.) It is a matter of no concern to the plaintiffs or to their assignors that the city may be compelled to reimburse the special fund when a recovery is had, based on a judgment in its favor as a municipal corporation. (*Johnson* v. *City of Aberdeen*, 147 Wash. 482 [266 Pac. 707].)

We conclude that, under the facts here presented, the defendant city had the right, indeed it was its duty under the mandatory provisions of its charter, to refuse payment of the demand sued on. (*Dadmun* v. *City of San Diego*, 9 Cal. App. 549 [99 Pac. 983]; see, also, *Richmond, F. & P. R. Co.* v. *McCarl*, 62 Fed. (2d) 203, 61 App. D. C. 290.)

Other points argued have been considered, but the appeal is determined on the principal point discussed.

The judgment is affirmed.

Seawell, J., Curtis, J., Langdon, J., and Waste, C. J., concurred.

Rehearing denied.