[Civ. No. 15451. Second Dist., Div. One. Apr. 30, 1947.]

FRANK C. MORTIMER, as Building and Loan Commissioner, etc., Plaintiff, v. ACQUISITION AND IMPROVEMENT DISTRICT NO. 36 OF SAN DIEGO COUNTY, Appellant; HOWARD CLAYMAN, Respondent.

Thomas Whelan, District Attorney, Carroll H. Smith, Chief Trial Deputy District Attorney, and Frank T. Dunn, Assistant District Attorney, for Appellant.

Musgrove & Cannan for Respondent.

YORK, P. J.—The instant action by the State Building and Loan Commissioner in liquidation of the California Mutual Building and Loan Association against the Acquisition and Improvement District No. 36 of San Diego and others, including Howard Claman, sued as Howard Clayman, and the county of San Diego, which was sued as Doe Corporation One, is for the recovery of certain coupons detached from specific bonds and for declaratory relief as to the respective rights of ownership and possession thereof by the parties hereto.

It appears from the complaint that defendant district long prior to the institution of the instant suit had issued bonds under the Acquisition and Improvement Act of 1925, and that a number of these bonds by mesne transfers from the original holders came into the possession and ownership of the California Mutual Building and Loan Association with all coupons attached; that while in the possession of said association, the coupons here involved were detached from the bonds and found their way into the hands of defendant Claman; that subsequently these bonds with all coupons, attached and detached, were sold by the said association back to the Improvement District for 15 cents on the dollar; that because the association was unable to deliver the detached or missing coupons, the district withheld from the entire purchase price of the bonds, the agreed purchase price of said missing coupons, to wit: $1,204.24, and retained that sum awaiting due presentment and surrender of the coupons and demand for payment by their holder; that said association was taken over in liquidation by the plaintiff State Building and Loan Commissioner on behalf of the State of California, and subsequently a controversy developed between plaintiff and defendant Claman as to who was the rightful owner and possessor of the coupons, whereupon the instant action was brought praying that the court determine the rightful owner of the coupons and that judgment be made declaring and defining the respective rights and interests of the parties in and to the said coupons and the fund of $1,204.24 held by defendant district. The action was defended by the county of San Diego, which answered the complaint admitting that defendant district "now has and holds the sum of $1204.24 awaiting judicial determination of the proper payee."

Prior to trial, the court denied the motion of the county of San Diego to amend its answer to include as an additional

affirmative defense the bar of the statute of limitations. In opposition to said motion, defendant Claman filed an affidavit in which he averred that the county was estopped from asserting such defense for the reason that relying upon the answer of the county theretofore filed in the action and the allegations contained therein, he had entered into an agreement with the plaintiff whereby he paid the latter $200 for an assignment dated October 17, 1944, of all of plaintiff's right, title and interest in and to the said coupons.

When the instant cause came on for trial, said motion to amend the answer was renewed and denied, whereupon a stipulation by counsel for plaintiff, for defendants Claman and Guaranty Liquidating Corporation, for judgment in favor of defendant Claman was admitted in evidence.

From the judgment decreeing that defendant Claman "is the sole owner" of the coupons in controversy; "is the proper payee" of the sum of $1,204.24, and "is entitled to the payment thereof from the defendant San Diego Acquisition and Improvement District No. 36," this appeal is prosecuted by the "defendant Acquisition and Improvement District No. 36 of San Diego County."

It is first contended that the judgment is void because taken against a party which has no legal capacity to sue or be sued and therefore is not such a legal entity as will permit a judgment to operate against it.

Respondent admits that the district has no legal capacity to be sued, but urges that the county of San Diego (sued as Doe Corporation One) is the real party in interest operating under another name, to wit: Acquisition and Improvement District No. 36 of San Diego County, and therefore this court may order the complaint and the judgment "amended as of a date prior to the entry of the judgment to express the true circumstances."

Respondent's theory of amendment is apparently based upon the concept that the error to be corrected is one of misnomer, i. e., that the county and the district are one and the same legal entity and that jurisdiction over both having been acquired by the trial court an amendment would effect no change in the parties, being only a substitution or change of names for one and the same party defendant.

An examination of the record discloses that appellant district was sued by its true name, it appeared and judgment was taken against it in its true name. Defendant county of

San Diego was sued by a fictitious name; it appeared by its true name and admitted that "defendant . . . district now has and holds the sum of $1204.24 awaiting judicial determination of the proper payee"; however said county is not named in the judgment, nor was the complaint amended, pursuant to section 474 of the Code of Civil Procedure, to show such defendant's true name.

Appellant is an improvement district organized under the Acquisition and Improvement Act of 1925 (Stats. 1925, p. 849; Deering's Gen. Laws, 1931, Act 3276a). Section 39 of said act sets up *in haec verba* the form of bond to be issued thereunder, which recites in part as follows: "Acquisition and Improvement District Bond. Acquisition and improvement district No. ........... of the county (or city) of ......................, State of California. $................ Bond No. ................ Series .................

"Under and by virtue of an act of the legislature of the state of California, known as the 'Acquisition and improvement act of 1925,' the county (or city) of ...................... state of California, will pay to the bearer, out of the fund hereinafter designated, at the office of the treasurer of said county (or city), on the ........... day of ...................... 19..........., the sum of ................ dollars in gold coin of the United States of America, with interest thereon in like gold coin at the rate of ........... per cent per annum, payable semi-annually on the second day of January and the second day of July in each year from the date hereof . . . upon the presentation and surrender, as they respectively become due, of the proper interest coupons hereto attached. . . .

"This bond is payable out of the 'Acquisition and improvement district No. ........... of the county (or city) of ...................... interest and sinking fund,' exclusively, as the said fund appears upon the books of the treasurer of said county (or city) and neither said county (or city) nor any officer thereof shall be holden for its payment otherwise; but in accordance with the provisions of said act a special assessment tax will be levied and collected upon the lands in said district in an amount clearly sufficient to pay the principal and interest of said bonds as the same shall become payable.

"In witness whereof the ........................... (here designate the legislative body) of said county (or city) has caused this bond to be signed by the treasurer of said county (or city) and the seal of ................ (here use the words 'the board of supervisors of said county or the words . . . ,' as the case may be) to be affixed this ................ day of ......................, 19.......... . . .

"All bonds issued under this act shall be signed by the treasurer of the county or municipality whose legislative body conducts the proceeding and shall have the seal of the board of supervisors of the county or the seal of the city, as the case may be, thereto affixed, and when so signed shall be binding according to the terms thereof as prescribed in the above form therefor. The interest coupons attached to said bonds shall be in such form as the said treasurer shall determine, subject to the provisions of this act and the determination made by the legislative body, and the signature on said interest coupons by said treasurer, by either written or engraved or printed facsimile signature shall be sufficient."

This appears to be a direct promise of the county to pay to the bearer the amount of the bond and interest coupons upon presentment.

In the state of the record here presented, this court is without power to order the judgment amended in the manner suggested by respondent, to wit: by the substitution therein of the county of San Diego as judgment debtor in place of the Acquisition and Improvement District No. 36 of the County of San Diego.

The judgment is reversed and the cause remanded for a new trial on the question as to whether the county of San Diego and the Acquisition and Improvement District No. 36 of the County of San Diego compose one legal entity so as to entitle respondent to a judgment against the county of San Diego for the sum of $1,204.24, which the county treasurer holds in the Acquisition and Improvement District No. 36 of the County of San Diego Interest and Sinking Fund, at which time the trial court may permit such amendments to the pleadings, findings and judgment as it sees fit.

Doran, J., and White, J., concurred.