[Civ. No. 18093. Second Dist., Div. Three. July 5, 1951.]

FRANK C. MORTIMER, as Building and Loan Commissioner, etc., Plaintiff, v. ACQUISITION AND IMPROVEMENT DISTRICT NO. 36 OF SAN DIEGO COUNTY et al., Defendants; COUNTY OF SAN DIEGO, Appellant; LORRAINE CLAMAN, as Special Administratrix, etc., Respondent.

James Don Keller, District Attorney (San Diego), Carroll H. Smith, Deputy District Attorney, and Frank T. Dunn, Assistant District Attorney, for Appellant.

Musgrove & Cannan and Thomas H. Cannan for Respondent.

VALLÉE, J.—Appeal by the county of San Diego from a judgment decreeing that Lorraine Claman, as special administratrix with general powers of the estate of Howard Claman, is the owner of certain coupons detached from specific bonds of Acquisition and Improvement District No. 36 of San Diego County; that she recover from the county of San Diego

$1,204.24; and that upon payment thereof "said coupons shall then be returned to the defendant, County of San Diego." The bonds were issued under the Acquisition and Improvement Act of 1925. (Stats. 1925, p. 849, as amended; Deering's Gen. Laws, 1931, Act 3276a.) The Act of 1925 was repealed in 1933, but the enforcement of bonds already issued was not affected by the repeal. (Stats. 1933, p. 948.)

The cause was tried in 1945 and a judgment rendered decreeing that Howard Claman was the owner of the coupons and "entitled to the payment thereof from the defendant San Diego Acquisition and Improvement District No. 36." The county of San Diego had been sued by a fictitious name. It had appeared by its true name, but it was not named in the judgment. District No. 36 appealed. On appeal (*Mortimer* v. *Acquisition etc. Dist. No. 36,* 79 Cal.App.2d 404 [180 P.2d 355]) it was held that the judgment was void because the district had no legal capacity to be sued and therefore was not such a legal entity as would permit a judgment to operate against it. The judgment was reversed with directions as follows: "The judgment is reversed and the cause remanded for a new trial on the question as to whether the county of San Diego and the Acquisition and Improvement District No. 36 of the County of San Diego compose one legal entity so as to entitle respondent to a judgment against the county of San Diego for the sum of $1,204.24, which the county treasurer holds in the Acquisition and Improvement District No. 36 of the County of San Diego Interest and Sinking Fund, at which time the trial court may permit such amendments to the pleadings, findings and judgment as it sees fit."

On the trial held pursuant to this mandate the court found that the coupons were from bonds "issued by the County Treasurer of the County of San Diego in connection with the Acquisition and Improvement District No. 36 of San Diego County," and that "the County of San Diego caused to be deposited the sum of $1,204.24 in the County Trust fund and now has and holds the sum of $1,204.24 as aforesaid for the purpose of judicial determination of the legal and proper payee of said sum to the owner and holder" of said coupons. The court further found that Lorraine Claman, as special administratrix, is the proper payee of said sum of $1,204.24 and is entitled to the payment thereof, and that upon payment of $1,204.24, "said coupons shall then be returned to the defendant County of San Diego."

The judgment which followed adjudged that Lorraine

Claman, as special administratrix, recover from the county of San Diego the sum of $1,204.24, and that upon payment thereof "said coupons shall then be returned to the defendant, County of San Diego." The county appealed.

The county contends (1) the judgment is void because contrary to specific directions of the appellate court on remand for new trial, and (2) the findings are not supported by the evidence and are contrary to the evidence. The contentions cannot be sustained.

The only issue to be determined on the retrial was whether the county of San Diego and Acquisition and Improvement District No. 36 of the county of San Diego compose one legal entity so as to entitle respondent Claman to a judgment against the county of San Diego for the sum of $1,204.24, which the county treasurer holds in Acquisition and Improvement District No. 36 of the county of San Diego interest and sinking fund. All other issues were determined by the prior judgment.

The trial court was bound by the directions given by the reviewing court on the former appeal and had no authority to retry any other issue or to make any other findings. (*Rice* v. *Schmid,* 25 Cal.2d 259, 263 [153 P.2d 313]; *Carter* v. *Superior Court,* 96 Cal.App.2d 388, 391 [215 P.2d 491].)

An acquisition and improvement district established by a board of supervisors pursuant to the authority granted by the Act of 1925 is nothing more than an assessment district created by, and under the control of, the board of supervisors, for the acquisition and improvement of a public way, etc. (See *Anaheim Sugar Co.* v. *County of Orange,* 181 Cal. 212, 218-220 [183 P. 809]; *Sacramento etc. Drainage Dist.* v. *Riley,* 199 Cal. 668, 687 [251 P. 207]; *Southlands Co.* v. *City of San Diego,* 211 Cal. 646, 666 [297 P. 521]; *County of San Diego* v. *Childs,* 217 Cal. 109, 115 [17 P.2d 734]; *American Securities Co.* v. *Forward,* 220 Cal. 566, 570 [32 P.2d 343]; *County of Los Angeles* v. *Rockhold,* 3 Cal.2d 192, 199 [44 P.2d 340, 100 A.L.R. 149]; *Bond* v. *City of Pasadena,* 6 Cal. 2d 139 [56 P.2d 946]; *Harpham* v. *Board of Supervisors,* 41 Cal.App. 192, 194 [182 P. 324].) The board of supervisors of a county was empowered to establish districts and to conduct, supervise and control their operations. (Stats. 1925, p. 849, as amended; Deering's Gen. Laws, 1931, Act 3276a.) The board was authorized to issue and sell, or otherwise dispose of, bonds; to constitute a fund for the payment of such bonds; to levy and collect special assessment taxes; and to transfer money from county funds to the

special funds provided by the act. (§ 2.) The county was authorized to contribute money or materials for the things proposed to be done. (§§ 7, 36, 38.) Actions to condemn were brought in the name of the county. (§ 11.) Bidders on work to be done, who purchased bonds issued pursuant to the act, made payment therefor to the county treasurer. (§ 11.) Faithful performance bonds ran to the county. (§ 20.) The county treasurer issued bonds to the contractor in payment for work accepted (§§ 25, 44); for property acquired (§§ 28, 36, 36½); for immediate possession. (§ 28½.) Proceeds from the sale of bonds were paid to the county treasurer. (§§ 28, 28½, 28¾, 36.) Condemnation proceedings could not be abandoned until the county compensated property owners for all damage; and if immediate possession had been taken, the county was liable to holders of immediate possession bonds, for all damages to owners of property of which immediate possession had been taken. (§ 35.) Bonds issued expressly provided that the county "will pay to the bearer, out of the fund hereinafter designated, at the office of the treasurer of said county" the amount of the bond with interest thereon. (§ 39.) Bonds were signed by the treasurer of the county and had the seal of the board of supervisors of the county affixed, and the county treasurer determined the form of interest coupons and signed them. (§ 39.) Principal and interest of bonds issued are payable at the office of the treasurer issuing the same. (§ 40.) The act provided that "For each district in which bonds have been issued under the provisions of this act a special fund to be named 'Acquisition and improvement district No.——of the county (or city) of—— interest and sinking fund' (the number to be that of the district) for the discharge and payment of such bonds, whether issued for an acquisition or improvement, or both, and interest thereon, *shall be constituted by the county.*" (Italics added.) (§ 41.) Surplus funds remaining in the interest and sinking fund after all bonds are retired "shall be transferred to the general fund of the county." (§ 41.) The board of supervisors is authorized to create and use revolving funds for the purpose of facilitating, contributing towards, or assisting in any way, any acquisitions and improvements authorized by the act. (§ 43.)

On the retrial there were evidence and inferences reasonably deducible therefrom from which the court was justified in concluding that District 36 was established by the county of San Diego; that the coupons in suit were signed by the

treasurer of that county and payable at his office; that $1,204.24 was on deposit "in a County trust fund" for their payment and "in the possession and control of the County Treasurer of San Diego County," and "for the retirement, satisfaction and payment" of said coupons, and that the money to pay this issue of bonds and the interest coupons was obtained for that express purpose by a "general obligation County bond issue," voted by the taxpayers of the county of San Diego. Some of the testimony with respect to these matters came from a deputy district attorney of the county. He now argues that he did not have authority to bind the county. He did not bind the county as its attorney; he merely testified to facts.

The Act of 1925, together with the evidence and inferences reasonably deducible therefrom, leave no doubt that the county of San Diego and Acquisition and Improvement District No. 36 of the county of San Diego compose one legal entity so as to entitle respondent to a judgment against the county of San Diego for the sum of $1,204.24, which the county treasurer holds in Acquisition and Improvement District No. 36 of the county of San Diego interest and sinking fund.

Counsel for the county, on the former appeal, contended that the district was not a legal entity, and the court so held. They now contend that it is a legal entity, separate and distinct from the county. This legal legerdemain is of no avail. The question was settled by the former decision.

The county argues that the coupons are payable only on presentation to the county treasurer and that the judgment is erroneous in not so providing. We think the point is of no consequence. The coupons are on deposit with the clerk of the court below. By the terms of the judgment they are to be delivered to the county upon payment of the $1,204.24.

The form of bond prescribed by the act (§ 39) specifically says that the county will pay the amount of the bond with interest "out of the fund hereinafter designated." The court, on the former appeal (79 Cal.App.2d 408), after quoting the form of the bond, said: "This appears to be a direct promise of the county to pay to the bearer the amount of the bond and interest coupons upon presentment." The fund thereinafter designated is "Acquisition and improvement district No. 36 of the county of San Diego interest and sinking fund." The county in its answer admitted, and

the court on the former appeal determined, that the $1,204.24 is now held in that fund. ██ Payment of principal or interest is not a general obligation of the county. The obligation of the county is limited to payment out of ''Acquisition and improvement district No. 36 of the county of San Diego interest and sinking fund.'' (*County of San Diego* v. *Childs,* 217 Cal. 109, 115 [17 P.2d 734].) The judgment decrees that respondent ''shall have and recover of and from the County of San Diego said sum of $1,204.24.'' It does not limit payment of the coupons to the specified interest and sinking fund, and it must be modified accordingly.

The judgment is modified by adding immediately after the words last above quoted the following: ''Payable out of Acquisition and improvement district No. 36 of the county of San Diego interest and sinking fund.'' As thus modified it is affirmed.

Shinn, P. J., and Wood (Parker), J., concurred.