Filed 10/8/21  Whitley v. Blakemore CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| ELI G. WHITLEY, | |
| Plaintiff and Appellant, | E075102 |
| v. | (Super.Ct.No. CIVDS2000033) |
| MICHELLE D. BLAKEMORE, as County Counsel, etc., et al., | OPINION |
| Defendants and Respondents. | |

APPEAL from the Superior Court of San Bernardino County.  David S. Cohn, Judge.  Affirmed.

The Red Brennan Group, Aaron D. Burden for Plaintiff and Appellant.

Michelle Blakemore, County Counsel and Laura L. Crane, Deputy County Counsel, for Defendants and Respondents.

Petitioner Eli Whitley circulated a petition for a ballot measure, the fifth in a series of what he described as a good faith attempt to require an accounting of expenditures by the County of San Bernardino (County).  However, the ballot measure, as written, requires that the Board of Supervisors publish a monthly report, providing a daily accounting of the activities performed and work accomplished by county employees, in a manner which is accessible by the public.

Respondent County Counsel for the County of San Bernardino (County Counsel), informed petitioner that it could not prepare a ballot title and summary because the initiative suffered from the same constitutional invalidity as his four prior initiatives in that it infringed on the San Bernardino County Board of Supervisors ability to perform its constitutional and statutory duties.  Petitioner filed a petition for writ of mandate to compel County Counsel to prepare a ballot title and summary pursuant to Elections Code section 9105. The trial court denied the petition and this appeal followed.

On appeal, petitioner argues the trial court erred in determining that the initiative measure was invalid pre-election and in concluding that the County properly refused to prepare the ballot title and summary due to invalidity of the measure.  We affirm.

**BACKGROUND**

On December 20, 2019, Whitley caused to be filed with County of San Bernardino Registrar of Voters a notice of intent to circulate petition for the initiative, which included a formal request that Blakemore prepare a ballot title and summary as mandated by Elections Code section 9105.  This proposed ballot measure was the fifth in a series of

2

attempts to add a measure to the ballot, but the prior attempts were the subject of a lawsuit by County Counsel challenging the validity of the proposed ballot measures.

In December 2019, petitioner sought certification for the ballot of a measure similar to the four previous measures, although it purported to eliminate the objectionable provisions. If passed, the proposed initiative would require:

The board of supervisors shall publish a monthly report of the daily activities and work accomplished by every county employee, officer, or elected official. The report shall detail the daily tasks performed by every county employee, officer, or elected official and shall provide an accurate accounting of the time required to perform each task. The report shall be published in a manner that is easily accessible by the public. The report shall be published, each month, within 15 days after the end of the month. Past reports shall be made available to the public for a period of 10 years. The board of supervisors has full discretion on how to implement any necessary procedures and how to produce the report.

On December 30, 2019, County Counsel acknowledged receipt of the notice of intent to circulate the petition and notified petitioner that the initiative appeared to be invalid for the same reasons discussed in the pending matter of *Michelle Blakemore v. Eli G. Whitley*, San Bernardino Superior Court Case No. CIVDS 1912415. County Counsel informed petitioner that it would not prepare a ballot title and summary pending the outcome of the litigation on the prior iterations of the proposed initiative, which challenged the facial validity of the measure on the grounds it infringed on the San

3

Bernardino County Board of Supervisors ability to perform its constitutional and statutory duties.

On January 10, 2020, petitioner filed an unverified petition for writ of mandate to compel County Counsel to perform its ministerial duty of preparing a ballot title and summary of the proposed initiative. He requested a ruling on the petition ex parte, which was opposed by County Counsel. County Counsel requested that the court take judicial notice of the related litigation. On January 14, 2020, the trial court denied the request to rule on the petition ex parte. On January 21, 2020, petitioner filed an amended and verified petition for writ of mandate.[1]

On January 27, 2020, County Counsel opposed the petition. The matter came on for hearing on February 7, 2020[2], at which time the trial court denied the petition for writ of mandate, and judgment was subsequently entered in County Counsel's favor on March 9, 2020. That same date, petitioner appealed.

---

[1] The substance of the petition was the same; however, this petition was verified.

[2] We note that the date of the hearing reflected in the reporter's transcript is January 14, 2020, the same date as the court considered and denied petitioner's application to proceed on an ex parte basis. We assume this is a typographical error because the cover of the reporter's transcript indicates the second appearance occurred on February 7, 2020 and there is no indication the merits were considered on the same date as the ex parte application.

4

*1.      The Superior Court Did Not Err in finding Petitioner Was Not Entitled to a Ballot Title and Summary*

Petitioner argues that the trial court erred in concluding he was not entitled to a ballot title and summary for the initiative to amend the San Bernardino County Charter. He asserts that the duty to provide a ballot title and summary for an initiative measure is ministerial and that the court was compelled to issue the writ of mandate.  We disagree.

a.      *Principles Pertaining to Review of Orders Denying Petitions for Extraordinary Relief.*

"To obtain a writ of mandate under Code of Civil Procedure section 1085, the petitioner must show (1) a clear, present, ministerial duty on the part of the respondent and (2) a correlative clear, present, and beneficial right in the petitioner to the performance of that duty."  (*Howard Jarvis Taxpayers Assn. v. Amador Water Agency* (2019) 36 Cal.App.5th 279, 291, citing *Alliance for a Better Downtown Millbrae v. Wade* (2003) 108 Cal.App.4th 123, 128–129 (*Alliance*).)  "A ministerial duty is an act that a public officer is obligated to perform in a prescribed manner required by law when a given state of facts exists."  (*Alliance, supra*, at p. 129.)

On appeal following a trial court's decision on a petition for writ of mandate, we review the record to determine whether the trial court's findings are supported by substantial evidence, but we review de novo questions of law involving statutory and

constitutional interpretation. (*Alliance, supra*, 108 Cal.App.4th at p. 129; *Baba v. Board of Supervisors* (2004) 124 Cal.App.4th 504, 512.)

b. *Overview of Process Pertaining to Ballot Initiatives*.

In the present case, we are concerned with statutory requirements applicable before a petition seeking to qualify an initiative for the ballot is circulated.

Any proposed ordinance may be submitted to the board of supervisors by filing an initiative petition with the county elections official, signed by a specified number of voters specified by the election official, based on the number of votes cast in the last gubernatorial election. (Elect. Code, §§ 9101, 9107.)

After the notice of intent to circulate the petition is submitted to the board of supervisors, the county elections official shall immediately transmit a copy of any proposed measure to the county counsel, who, within 15 days after the proposed measure is filed, then provides an official a ballot title and summary for the proposed measure. (Elec. Code, § 9105, subd. (a).)

The ballot title and summary prepared by the County Counsel will then appear upon each section of the petition, above the text of the proposed measure. (Elec. Code, § 9105, subd. (c).) The county elections official then furnishes a copy of the ballot title and summary to the proponents of the proposed measure, who, prior to the circulation of the petition, must publish the notice of intention, and the ballot title and summary of the proposed measure, in a newspaper of general circulation published in that county,

6

followed by proof of publication with the county elections official.  (Elec. Code, § 9105, subds. (b), (c).)

Following publication, the proponents may commence to circulate the petition among the voters of the county for signatures by any registered voter of the county. (Elec. Code, § 9108.)

c.      *Analysis of the Propriety of Pre-Election Review of Ballot Measures.*

We begin by recognizing that the local electorate's right to initiative and referendum is guaranteed by the California Constitution, article II, section 11, and is generally co-extensive with the legislative power of the local governing body.  (*DeVita v. County of Napa* (1995) 9 Cal.4th 763, 775, citing *Simpson v. Hite* (1950) 36 Cal.2d 125, 129 [222 P.2d 225].)  It is "'the duty of the courts to jealously guard this right of the people' [citation] . . . .  '[I]t has long been our judicial policy to apply a liberal construction to this power wherever it is challenged in order that the right [to local initiative or referendum] be not improperly annulled. . . . ' [Citations.]"  (*Associated Home Builders etc., Inc. v. City of Livermore* (1976) 18 Cal.3d 582, 591.)

However, while there is a presumption in favor of the right of initiative, that presumption is rebuttable upon a definite indication that the Legislature, as part of the exercise of its power to preempt all local legislation in matters of statewide concern, has intended to restrict that right.  (See *Voters for Responsible Retirement v. Board of Supervisors* (1994) 8 Cal.4th 765, 779.)  Thus, the California Supreme Court has held that "the initiative and referendum power could not be used in areas in which the local

7

legislative body's discretion was largely preempted by statutory mandate." (*DeVita v. County of Napa, supra*, 9 Cal.4th at p. 776, and cases cited therein.)

"Authority over certain matters . . . is delegated 'exclusively to the governing body, thereby precluding initiative and referendum.'" (*Gates v. Blakemore* (2019) 39 Cal.App.5th 32, 38, citing *DeVita, supra*, 9 Cal.4th at p. 776.) A county charter provides for the governing body. (Cal. Const., art. XI, § 4.) For charter counties, such as San Bernardino, the board of supervisors acts as the governing body. (Charter of the County of San Bernardino, Art. II, § 201; *Harris v. Gibbins* (1896) 114 Cal. 418, 420 ["the board of supervisors constitute the general governing body within the domain of local county governmental affairs"].)

When a California county adopts a charter, its provisions "are the law of the State and have the force and effect of legislative enactments." (Cal. Const., art. XI, § 3, subd. (a); see *id.*, § 1, subds. (a), (b).) "Under the 'home rule' doctrine, county charter provisions *concerning the operation of the county*, and specifically including the county's right to provide 'for the number, compensation, tenure, and appointment of employees' (that is, a county's core operations) trump conflicting state laws." (*Holmgren v. County of Los Angeles* (2008) 159 Cal.App.4th 593, 601, citing *Los Angeles County Civil Service Com. v. Superior Court* (1978) 23 Cal.3d 55, 65; Cal. Const., art. XI, § 1, subd. (b); see also *County of Riverside v. Superior Court* (2003) 30 Cal.4th 278, 285 [the "constitutional language is quite clear and quite specific: the *county*, not the state, not someone else, shall provide for the compensation of its employees . . . "].)

In particular, the California Constitution expressly reserves for the "governing bodies" of charter counties the authority to set the number of county employees, their duties, and their compensation. (Cal. Const., art. XI, § 4, subd. (f); *Gates v. Blakemore, supra*, 39 Cal.App.5th at p. 39.) Thus, an initiative that encroaches on the authority of the board of supervisors to set the number of employees and their duties is unconstitutional.

In such situations, it is proper for a city or county to initiate a declaratory relief action as a means of disputing, in a preelection challenge, the validity of an initiative. (*City of Riverside v. Stansbury* (2007) 155 Cal.App.4th 1582, 1591, abrogated in part on another ground as stated in *Mission Springs Water Dist. v. Verjil* (2013) 218 Cal.App.4th 892, 899.) In the alternative, the "governmental officials charged with failing to perform their duties under the Elections Code may assert invalidity of the initiative measure as a defense in an action brought to compel performance of the duty", as was done here. (*Gates v. Blakemore, supra*, 39 Cal.App.5th at p. 38, citing *Widders v. Furchtenicht* (2008) 167 Cal.App.4th 769, 778.)

We therefore conclude that issuing a ballot title and summary is not a purely ministerial duty in cases where the proposed initiative suffers from facial invalidity, such as by encroaching or infringing on the authority of a governing body in violation of article XI, section 4, subdivision (f) of the California Constitution.

9

d.      *Whether The Trial Court Correctly Denied the Petition.*

In the present case, the proposed initiative expressly contemplates that the County will monitor the daily activities of all employees and make monthly reports of those daily activities. This, in turn, contemplates the hiring of additional county employees with specified policing and oversight activities, not ordained by the governing body, in contravention of the State Constitution. Petitioner acknowledged as much at the hearing, although he explained there were other ways of accomplishing the task by "bringing in third parties" to provide the information regarding the daily activities of every employee.

However, petitioner has cited no authority allowing a citizen initiative to dictate the number of employees or independent contractors to be hired by a county where, for the most part, such authority is recognized as a means of saving county costs (see *Holmgren v. County of Los Angeles, supra,* 159 Cal.App.4th at p. 602 [the charter also gives the county the right to hire independent contractors as a cost-saving measure][3]), and the current proposal would vastly increase them.

Whether the persons engaged are called independent contractors or employees, the proposed initiative encroaches on the authority of the governing body to make the executive decision to engage in the undertaking. In response to questions how the daily activities of county employees such as public defenders could be monitored daily without violating client confidentiality, petitioner agreed that was an absurd idea.

---

[3] Like that of the County of Los Angeles, San Bernardino County's Charter expressly refers to the county's authority to use independent contractors as unclassified employees as a cost saving measure. (S.B. County Charter, §§501; 14.0102(e); 14.0108.)

10

Thus, while there is a right of initiative, there is no constitutional right to place an invalid initiative on the ballot.  (See *San Francisco Forty-Niners v. Nishioka* (1999) 75 Cal.App.4th 637, 645-648.)  Further, it "is well accepted that preelection review of ballot measures is appropriate where the validity of a proposal is in serious question, and where the matter can be resolved as a matter of law before unnecessary expenditures of time and effort have been placed into a futile election campaign."  (*City of San Diego v. Dunkl* (2001) 86 Cal.App.4th 384, 389, citing *Senate of the State of Cal. v. Jones* (1999) 21 Cal. 4th 1142, 1153.)

"There is no threat to the proponents' constitutional rights under the First Amendment or the California Constitution in this process, because where there is a legitimate question raised about the power of the voters to adopt a proposed initiative, the Supreme Court has stated there is no value 'in putting before the people a measure which they have no power to enact.'"  (*City of San Diego v. Dunkl, supra*, 86 Cal.App.4th at pp. 394-395, citing *American Federation of Labor v. Eu* (1984) 36 Cal.3d 687, 697.)

Rather, "[t]he presence of an invalid measure on the ballot steals attention, time and money from the numerous valid propositions on the same ballot.  It will confuse some voters and frustrate others, and an ultimate decision that the measure is invalid, coming after the voters have voted in favor of the measure, tends to denigrate the legitimate use of the initiative procedure."  (*American Federation of Labor v. Eu, supra,* 36 Cal 3d. at p. 697; see also *Citizens for Responsible Behavior v. Superior Court* (1991) 1 Cal.App.4th 1013, 1021-1024.)

11

"Under the 'home rule' doctrine, county charter provisions concerning the operation of the county, and specifically including the county's right to provide 'for the number, compensation, tenure, and appointment of employees' (that is, a county's core operations) trump conflicting state laws." (Cal. Const., art. XI, § 1, subd. (b); *Holmgren v. County of Los Angeles, supra,* 159 Cal.App.4th at p. 601, citing *Los Angeles County Civil Service Com. v. Superior Court* (1978) 23 Cal.3d 55, 65]; see *County of Riverside v. Superior Court* (2003) 30 Cal.4th 278, 285.) An initiative measure compelling the County to hire employees or engage independent contractors for specific duties not provided by the county violates the "home rule" doctrine.

Here, it would be impossible for the functions contemplated by the proposed initiative to be carried out without hiring additional employees to monitor and report on other employees. The notion that the functions could be performed by independent contractors ignores the reality that the compulsion to do so would violate the "home rule" doctrine where such duties are not prescribed in the county charter. Ironically, the proposed initiative would require the County to expend great sums of money in order to determine whether the county employees are wasting county resources. Further, it would add to the public financial obligations, which ironically were the very concern sought to be addressed by the initiative.

The trial court correctly found that the proposed initiative violated the constitutional provisions governing charter counties and their authority.

## DISPOSITION

The judgment is affirmed.  County Counsel is awarded costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ

P. J.

We concur:

SLOUGH

J.

FIELDS

J.

13